STATE OF NEBRASKA, EX REL. CHARLES T. MITCHELL, v. SCHOOL DISTRICT NUMBER NINE OF YORK COUNTY, ET AL.

1.   **Mandamus.**   An alternative writ of mandamus must contain a statement of all the facts necessary to justify the order sought for by the proceeding, and omissions in the alternative writ cannot be supplied by the affidavit or application.

2.   ———:   WHEN GRANTED.   A writ of mandamus is granted merely to compel action, and enforce the performance of a pre-existing duty.   It creates no new authority, nor confers any powers which did not previously exist.   It is never granted in anticipation of an omission of duty, however strong the presumption may be that the persons against whom the writ is

sought will refuse to perform their duty when the proper time arrives.

3. **School District Bonds.** Where bonds had been issued by a school district while comprising twenty-four sections, and afterwards the district was reduced to four sections; *held*, that the original district, although comprising but four sections, was primarily liable for the payment of the bonds, and that the new districts formed out of such territory were not required to report to the county clerk the amount due on such bonds.

ORIGINAL application for mandamus. An alternative writ was granted at the April Term, A.D. 1878, and the cause being continued to this term, was submitted on the pleadings.

*Harwood & Ames*, for the relator.

*Scott & Giffen*, for the respondent.

MAXWELL, CH. J.

This is an application for a peremptory writ of mandamus against the school district boards of school districts Nos. 9, 42, 49, 57, 65, 70, 77, 78, and 79, of York county, to compel them to report in writing to the county clerk of said county the indebtedness due on certain bonds issued by school district No. 9, while comprising the territory now embraced in the above school districts, and also to require the county clerk of said county to report the same to the county commissioners of said county, and said county commissioners forthwith to levy an amount sufficient to pay said bonds, interest, and costs.

The rule is well settled that an alternative writ must contain a statement of all the facts necessary to justify the order sought for by the proceeding, and on the hearing, omissions in the alternative writ cannot be supplied by the affidavit, or application on which it

was allowed. *McKenzie v. Ruth*, 22 O. S., 371. *Canal Trustees v. The People*, 12 Ill., 254. *People v. Supervisors of Westchester*, 15 Barb., 607. High on Ex Remedies, sec. 537.

A writ of mandamus is granted merely to compel action and enforce the performance of a pre-existing duty. It creates no new authority, nor confers any powers which did not previously exist. It is therefore in no sense a creative remedy. High on Ex Rem., sec. 7. Its object is not to supersede legal remedies, but rather to supply the want of them. To entitle the relator to the writ it must appear that he has a clear legal right to the performance of the act or duty on the part of the respondent, and that the law affords no other adequate remedy. The writ is never granted in anticipation of an omission of duty, however strong the presumption may be, that the persons against whom the writ is sought will refuse to perform their duty when the proper time arrives. To entitle the relator to the writ he must show that the respondent is actually in default in the performance of a legal duty then due at his hands. High on Ex. Rem., s. 12. *State v. Cheney*, 3 Kansas, 88. *Com. of Schools v. Co. Com.*, 20 Md., 419.

Let us apply these principles to the case at bar. There is no allegation in the alternative writ that the school board of school district No. 9 are in default, or that they have not made the return required by the statute. School districts No. 42, 49, 57, 65, 70, 77, 78, and 79, having been formed out of territory embraced in school district No. 9, at the time the bonds were issued, it will be presumed, in the absence of an allegation in the writ to the contrary, that the county superintendent of public instruction, at the time of the formation of the new districts, adjusted the liabilities of the districts as between themselves, as required by the

statute. The writ entirely fails to state that the school boards of these new districts have any records under their control from which they can ascertain the indebtedness of school district No. 9 upon said bonds. But even if such an allegation had been made in the writ, still these boards cannot be required to report. School district No. 9 is primarily liable for the debt, and its records show, or at least should show, the actual amount due on said bonds. · In certain contingencies, as in the case of *The People, ex rel Owen, v. School District No. 9, of Hamilton county,* not reported, certain bonds were issued when the district comprised sixteen sections. Afterwards, the district was reduced to two sections, apparently for the·purpose of defeating the payment of the bonds, it appearing that the amount of property remaining in said district was entirely inadequate for the payment of said bonds and interest. It was held that the entire territory comprising the school district at the time the bonds were issued was liable for their payment, and the rule as laid down in that case is .correct. But for ought that appears in the writ in this case, the property in school district No. 9 of York county may be ample in the ordinary course of taxation for the payment of the bonds in question and interest. The county clerk, county commissioners, and county treasurer, do not appear to have failed to perform their duty, consequently no writ can be awarded against them. As the alternative writ fails to state sufficient facts to authorize a peremptory writ, it is denied and the proceedings are dismissed.

JUDGMENT ACCORDINGLY.