WILLIAM E. VANSANT, PLAINTIFF IN ERROR, v. CHATFIELD H. BUTLER, DEFENDANT IN ERROR.

1. **Public Lands of United States.** The rulings of the register and receiver of a government land office upon questions of fact as to the rights of respective claimants to lands under the laws of the United States, in matters properly before them for decision, and which are unreversed and in full force, cannot be questioned collaterally.

2. **Evidence:** PRESUMPTIONS. Legal presumptions are in favor of the regularity of the proceeding of courts established by law in matters over which they have jurisdiction.

ERROR to the district court for Gage county. Tried be-below before BROADY, J.

*Hale & Bourne*, for plaintiff in error.

*Hugh J. Dobbs*, for defendant in error.

REESE, J.

The original action in this case was in ejectment. The suit was instituted by defendant in error. Plaintiff in error by his answer alleged that on the 23d of June, 1881, one Valmore J. Smith made application to the public land office to purchase the land in question under the act of congress of March 3, 1879, being an act to amend an act to provide for the sale of a portion of the reservation of certain confederated tribes of Indians. That his application was accepted by the register and receiver of said land office, and that on the 17th day of November, 1882, Smith sold and conveyed said land to defendant in error. That the sale was without consideration, and void as against the rights of plaintiff in error, said Smith never having obtained title to the land, or any legal or equitable right therein. That the law under which Smith's application to purchase was made required actual settlement upon the land as a condition precedent to the right to purchase, and that Smith made no such settlement, and never has done so. It is also alleged that defendant in error has made no actual settlement as required by law, and that his pretended title is in fraud of the rights of plaintiff in error.

It is further alleged that on the 20th day of March, 1883, plaintiff in error made application to the local U. S. land office at Beatrice, to purchase the land in dispute, and then offered to prove that he was the only person who had ever made actual settlement upon the land, and that defendant in error and his grantor, Smith, has failed to comply with the requirements of the law regulating the sales of said lands. This application of plaintiff in error was re-

jected by the register and receiver of the land office. That on the 21st of March, 1883, plaintiff in error made actual settlement upon the land and has lived thereon continuously ever since, making lasting improvements thereon of the value of about $475. Defendant in error demurred to this answer and the demurrer was sustained by the district court. This ruling is here assigned for error.

The act of congress referred to, and under which plaintiff in error claims to have made his settlement and offer of proof was the act of March 3, 1879, being an act to amend an act to provide for the sale of a portion of the reservation of the confederated Otoe and Missouri, and Sac and Fox, of the Missouri tribe of Indians in the states of Kansas and Nebraska. That portion of the act which bears upon the question of the application to purchase and which can apply to the case at bar is as follows: "That after the survey and appraisement of said lands the secretary of the interior shall be and is hereby authorized to offer one hundred and twenty thousand acres from the western side of the same for sale, through the United States public land office at Beatrice, Nebraska, in tracts not exceeding one hundred and sixty acres, for cash, to actual settlers or persons who shall make oath before the register or receiver of the land office at Beatrice, Nebraska, that they intend to occupy the land for authority to purchase which they make application, and who shall within three months from the date of such application make a permanent settlement upon the same, in tracts not exceeding one hundred and sixty acres to each purchaser. 20 U. S. Statutes at Large, 471.

So far as is shown by the answer no effort was ever made to procure a review of the rulings of the register and receiver by an appeal either to the commissioner of the general land office or the secretary of the interior. For aught that appears in the answer, plaintiff in error was fully satisfied with the ruling of the officers of the gov-

23

ernment land office in Beatrice, by which his application to purchase was rejected. It appears that the rejected application of plaintiff in error to purchase was not made until nearly two years after the accepted application of Smith was made, and about four months after the sale by Smith to defendant in error. It is true the answer alleges that no settlement was ever made on the land by Smith prior to his application to purchase, but there is no allegation that the proof of the intention to occupy was not made as required by the act above quoted. The presumption is that the law was complied with, that the officers did their duty and that the proceedings were regular.

The question of settlement must have been presented to and passed upon by the officers of the government before the title of Smith could be obtained. No allegations of fraud are made with regard to his purchase. The questions of fact presented by his application as well as those of plaintiff in error were decided, and those decisions cannot be collaterally assailed. They are final. *Smiley v. Sampson,* 1 Neb., 56. *Kiney v. Degman,* 12 Id., 237. *Rush v. Valentine,* Id., 513.

It may be said the first decision was *ex parte,* so far as plaintiff in error was concerned, and this may be conceded, as it was long before he asserted any claim to the property; but this does not aid him, for his alleged settlement was not made until long after the rights of Smith had been established and his purchase approved by the government. In such case it would seem that the general government only could complain if dissatisfied with the sale.

We see no error in the ruling of the district court, and it is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.