THE STATE OF NEBRASKA, EX REL. JAMES P. HYMER,
v. TYRA NELSON ET AL.

1.    **County Seat:** RELOCATION: PETITION: JURISDICTION. Where
a  petition was  presented to  the county  commissioners of F.
county purporting to contain the names of  644 resident electors
of said county, asking said board to call a special election for
the relocation of the county seat, the whole number of votes
cast in said county at the preceding general election being 729;
a  remonstrance, signed by 1,164 persons purporting to be elec-
tors of  said county, against the  calling of  said election,  was
thereupon presented to said  board alleging that said petition
was signed by persons who were non-residents of said county,
and by minors and others not authorized to  sign such petition;
*Held,* That a general finding of said board that a large number
of persons so disqualified had signed said petition, and that the

whole number of lawful petitioners was less than three-fifths of all the votes cast in said county at the preceding general election, was not subject to collateral attack; but if erroneous must be reviewed on error. *State v. Nemaha County*, 10 Neb., 32.

2. **Jurisdiction.** The decision of a special tribunal, where it has jurisdiction of the subject-matter and parties, is conclusive, unless reversed or modified in the mode provided by law.

3. **Mandamus.** A writ of mandamus will not be granted unless the right of the relator thereto is clear.

ORIGINAL application for a mandamus.

*Marquett, Deweese, & Hall,* for relator.

*George H. Stewart, O. P. Mason,* and *H. L. Merriman,* for respondents.

MAXWELL, CH. J.

The relator alleges that he is a resident of the county of Frontier, and that he is a taxpayer in said county; that on the 21st day of February, 1887, said defendants being in lawful session at the county seat of said county, the following petition was presented to them :

" To the Honorable Board of County Commissioners of Frontier county, Nebraska : We, the undersigned, resident electors of Frontier county, Nebraska, do most respectfully petition your honorable body to forthwith call a special. election in said county, for the purpose of submitting to the qualified electors thereof a question of relocation of the county seat." This petition was signed by E. K. Bowman, W. G. Phelps, and six hundred and forty-two other citizens and resident electors of said county, and following each name of the petitioners on said petition there was designated the age of the petitioner, and the section, township, and range or lot on which, or the town or city in which, the petitioner resided, and also the time that said petitioners had resided in said county, in days and years.

That at the last general election, held prior to the presentation of this petition, of said county in the fall of 1886, there were seven hundred and twenty-nine votes cast in said county, and no more.

That the petitioners making said application to the said board constituted more than three-fifths of all the resident voters and electors in said county.

It is also alleged that defendants refused to call such election.

An alternative writ was allowed, to which the defendants made return as follows :

"That during the session duly appointed and held of the board of commissioners of the county of Frontier, state aforesaid, and on the 21st day of February, 1887, a petition, the one referred to in the petition in this cause filed, purporting to contain the names of 644 resident electors of said county was filed in the office of said board praying for the submission to the electors of said county the question of the relocation of the county seat of said county.

"That thereafter, and during the said session, remonstrance, protest, and answer to said petition for submission were filed in the office of said board.

"That thereafter and during said session the board proceeded to and did hear said petition, remonstrance, protest, and answer, and the allegations, proofs, and arguments of the respective parties, and did try the same.

"That all the allegations above set forth and in this answer contained more fully and at large appear by reference to the proceedings had before said board on the hearing and trial aforesaid, a certified transcript of which is hereto attached.

"That all the facts and things stated in said proceedings, certified as aforesaid, are true and correct, and it did appear to said board on said hearing that the inhabitants of said county were not desirous of changing their county-seat; that said petition for submission was not supported

by any proof that it contained the names of resident elec-
tors of said county equal in number to three-fifths of
the votes cast at the last general election held in said
county; that persons who had signed said petition for sub-
mission had subsequently thereto signed the remonstrances
against the same, as alleged in said protest and answer;
that others who had signed said petition for relocation had
personally appeared before the board and withdrew their
names from said petition for submission; and that a num-
ber of the signers on said petition for submission were
minors and others non-residents of said county of Frontier,
and others not electors of said county, as alleged in said
protest and answer; and that no proof was introduced
showing that any of those signing said petition for sub-
mission were electors of said county; and that the tax levy
of said county had been exhausted, and there were no
funds out of which the expenses of such election, if called,
could be paid, and such election, if ordered, would create
an indebtedness in excess of the amount levied for the
county general fund.

"That the proceedings in said record, certified as afore-
said, were in fact had, and the acts and things therein stated
were done at the times therein named, and the said board,
being duly and fully advised in the premises, and having
the facts and proofs referred to before it, did find and en-
ter of record the motion or order set forth in said proceed-
ings as shown by 'Exhibit A' aforesaid, refusing to grant
said petition for submission or the prayer thereof.

"That on February 21st, 1887, a petition was presented
to these respondents while sitting and acting as the board
of commissioners of Frontier county, Nebraska, signed
by 644 names, giving age, section, town, and range upon
which said petitioners claimed to reside, and time of resi-
dence in said county, the prayer of which petition was to
call a special election to submit to the electors of said
county the question of the relocation of the county seat

of said county; that said petition was not supported by any proof to the effect that it contained the names of *bona fide* electors of said county equal in number to three-fifths of all the votes cast in said county at the last general election held therein, voluntarily signed to said petition, and the prayer of said petition was denied and the said petition was dismissed; and said respondents submit, under the advice of counsel, that they had power and jurisdiction to pass upon the question of whether the names signed to said petition were electors or minors, or fictiticus and apparent and not real and *bona fide* electors of said county as required by Section 1, Art. III., Relocation of County Seats, Compiled Statutes of Nebraska, p. 232, which said original petition is herewith submitted to the court, together with the original remonstrances signed by 1,164 electors of said Frontier county, and residents therein, all of which is respectfully submitted to this Honorable Court."

The proceedings of said board on the 21st of February, 1887, are as follows:

" And the matter of the petition coming on for hearing upon the petition, protest, and answer, and the board, having heard the allegations, proofs, and arguments of the respective parties, adopted and entered of record the following order in the premises:

" It is ordered that the petition asking for a special election for the relocation of the county seat be dismissed and the prayer therein be not granted, for the following reasons, to-wit:

" 1st. Because it appears of record that the inhabitants of Frontier county do not want the county-seat relocated.

" 2d. Because it appears that a number of the signers on said petition are minors, non-residents and not electors of said Frontier county, and state of Nebraska.

" 3d. Because there is no proof that the signers upon said petition are electors of said county and state.

" 4th. Because the levy of said county has been exhausted,

and there are no funds out of which the expenses of such election can be paid.

" 5th. Because by ordering such election an indebtedness will be created in excess of the amount levied for a county general fund."

These proceedings were signed by all the defendants. The pleadings filed before the defendants by the attorneys for the persons who presented their remonstrance to said board need not be referred to here. The cause was submitted to this court upon the writ and return thereto. It will be observed that the defendants concede that the petition presented to them contained 644 names, praying them to call a special election to vote upon the question of relocation of the county seat of Frontier county, and that that number was more than three-fifths of all the votes cast at the last general election in said county; but they find that minors, non-residents, and others not electors had signed said petition, and that the number of persons thus disqualified when deducted from the whole number of 644 reduced the number of qualified signers to less than three-fifths of all the votes cast in said county, at said election. The findings of the board are general, vague, and somewhat indefinite; but they are sufficient, if true, to justify them in refusing to call the election.

Section 1, Art. III., Chap. 17, Compiled Statutes, provides that, " Whenever the inhabitants of any county are desirous of changing their county seat, and upon petitions therefor being presented to the county commissioners, signed by resident electors of said county equal in number to three-fifths of all the votes cast in said county at the last general election held therein, said petition shall contain in addition to the names of the petitioners the section, town, and range on which, or town or city in which, the petitioners reside, their ages, and time of residence in the county, it shall be the duty of such board of commissioners to forthwith call a special election in said county for the purpose

37

of submitting to the qualified electors thereof the question of the relocation of the county seat."

It will thus be seen that the defendants were the proper persons to determine, in the first instance at least, whether the petition presented to them was signed by resident electors of said county equal in number to three-fifths of all the votes cast therein at the last general election.

In *Smiley v. Samson*, 1 Neb., 56, it was held that the power to hear and determine the matter in controversy was jurisdiction, and that it is *coram judice* whenever a case is presented which brings the power into action. This case was cited with approval in *Franklin v. Kelley*, 2 Neb., 96, and by Judge REESE in *Van Sant v. Butler*, 19 Neb., 354, and in *Parker v. Kuhn*, Id., 396. If the decision of said board was unsatisfactory to the petitioners it was subject to review by the district court, and the error, if any, could thereby be corrected. No fraud is charged, and such decision cannot be treated as void, nor can the errors of the board be corrected in this proceeding.

To entitle the relator to the writ it must appear that he has a clear legal right to the performance of the duty, and that the law affords no other adequate remedy. *State v. School District*, 8 Neb., 94.

In *State v. Ramsey*, 8 Neb., 286, this court refused to compel the county commissioners of Cass county to call a second election for the relocation of the county seat, for the reason that the right of the relator was not clear, there being an allegation that certain illegal votes were cast at the previous election; and in *State v. Nemaha County*, 10 Neb., 32, where the commissioners rejected certain petitioners, thereby reducing the number of petitioners to less than three-fifths of all the votes cast in said county at the preceding general election, it was held that the error, if any, in rejecting said names could not be reviewed by proceedings in mandamus. The case last cited would seem to be decisive of this. The action of the board if unwarranted

by the evidence before it may be corrected by proceedings in error, but in a matter in which they have original jurisdiction cannot be treated as void.

A peremptory writ is denied and the action dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.