STATE OF NEBRASKA, EX REL. THE CITY OF FREMONT, v. H. A. BABCOCK, AUDITOR OF PUBLIC ACCOUNTS.

1. **Corporations—Municipal:** BONDS FOR WATER-WORKS. Cities of the second class having more than 5,000 and less than 25,000 inhabitants may issue bonds for the purpose of constructing, maintaining, and operating a system of water-works for such city, but the authority to do so must be conferred upon the officers of such city by a majority vote of the people at an election held for that purpose, and of which four weeks' notice must be given by publication in a newspaper published within the county in which such city is located.

2. ———: PAVING BONDS. The same rule must be applied to the issuance of "paving bonds" when issued under the authority of subdivision LVIII. of section 52, article 2, of chapter 14 of Compiled Statutes.

3. **Mandamus.** In an application for a writ of mandamus to compel the state auditor to register and certify municipal bonds, a writ will not issue until a strict compliance with all the prerequisites of the statutes is shown.

ORIGINAL application for mandamus.

*F. Dolezal* and *J. E. Frick*, for relator, cited: *Hamlin v. Meadville*, 6 Neb., 233. *Bank of Chillicothe v. Chillicothe*, 7 Ohio, 354. *Mills v. Gleason*, 11 Wis., 470. *State v. Madison*, 7 Wis., 688. *Orchard v. School District*, 14 Neb., 380. *State v. School District*, 13 Neb., 78. *The People, ex rel. Smith, v. Peck,* 11 Wend., 605. Sedgwick on Construction of Stat. and Const. Law, 316–325.

*William Leese, Attorney General,* for respondent.

REESE, CH. J.

This is an application for a peremptory writ of mandamus to compel the defendant to register and certify two sets of bonds issued by the city of Fremont, dated December 1, 1888. One set of said bonds is denominated "Water Bonds, series B.;" the other is denominated "Paving Bonds."

It appears from the record that the mayor and council of the city of Fremont submitted to the electors of said city, at one election, the two propositions for the issuance of the two sets of bonds referred to. The proposition was published in the Fremont *Tribune,* a daily newspaper printed and published in Dodge county, one time, which publication was made on the 10th day of July, 1888. The election was held on the 30th day of the same month.

The question presented is, was sufficient notice of the election given, to meet the requirements of the law?

The auditor, believing the bonds were not legally issued, has declined to register and certify them.

Our attention will be first given to the set of bonds denominated "Water Bonds."

Section 66 of article 2, chapter 14, Compiled Statutes of 1887, is as follows :

"The mayor and council shall have power to borrow money and pledge the property and credit of the city upon its negotiable bonds or otherwise to an amount not exceeding in the aggregate one hundred thousand dollars, for the purpose of constructing or aiding in the construction of a system of sewerage, authority therefor having first been obtained by a majority vote of the people at an election or elections upon a proposition or propositions submitted in the manner provided by law for the submission of propositions to aid in the construction of railroads and other works of internal improvement; and to borrow money and pledge the property and credit of the city in the manner aforesaid, and upon being authorized as aforesaid, to an amount not exceeding one hundred thousand dollars, for the purpose of constructing, maintaining, and operating a system of water-works for said city."

It will be seen that this section provides that the proposition must be submitted to a vote of the people, in the manner provided by law for the submission of propositions to aid in the construction of railroads and other works of internal improvement.

Section 1 of chapter 45, entitled "Internal Improvements," requires the question of issuing bonds to be submitted to a vote of the legal voters of a county or city in the manner provided by chapter 9 of the Revised Statutes. The chapter referred to is found at page 35 of the Revised Statutes published in 1866; section 21 of which provides, among other things, that, "The whole question, including the sum desired to be raised, or the amount of the taxes desired to be levied, or the rate per annum, and the whole regulation, including the time of its taking effect, or having operation, if it be of a nature to be set forth, and the penalty of its violation, if there be one, is to be published at least four weeks in some newspaper published in the county."

This section is carried forward to section 18 of chapter

13 of the General Statutes, and to section 27 of article 1
of chapter 18 of Compiled Statutes of 1887, and in so
far as it is applicable to the case at bar has not been
changed, and by its provisions the notice must be pub-
lished "for four weeks in some newspaper published in
the county." This provision is jurisdictional and manda-
tory. Section 29 of chapter 9 of Compiled Statutes.pro-
vides that, if the auditor is satisfied that bonds presented
to him for registration "have been legally issued for a
lawful purpose," he shall "register the same in his office,
in a book kept by him for such purpose, and shall, under
his seal of office, certify upon such bonds the fact that they
have been regularly and legally issued," etc. We cannot
avoid the conclusion that the bonds referred to have not
been regularly and legally issued, and, therefore, that it is
not the duty of the auditor to register them.

"Prior to the issue of the bonds and their delivery,
those who claim to have such bonds issued must show a
strict compliance with all the prerequisites of the statutes."
Burroughs on Taxation, page 408.

As we have seen, the statute provides a complete method
for the issuance of bonds of the kind under consideration,
and in a proceeding of this kind it is essential that the
statutory method be followed.

It is insisted by counsel for relator, that long before
the submission of the proposition to issue these water
bonds the relator had a system of water-works constructed,
and which was in operation, and that these bonds were not
issued to pay for constructing, maintaining, and operating
a system of water-works, but to pay the cost of the im-
provement and extension of a system of water-works al-
ready existing and in operation, and that section 66, above
quoted, has no application to them. We cannot agree to
this. While it is true that the city of Fremont did have
a system of water-works, yet it is also true that these
bonds were issued "for the purpose of constructing, main-

taining, and operating a system of water-works for said city." The fact that the water-works to be constructed, maintained, and operated would, when finished, constitute only a part of the general system, would not, in our opinion, change the rule or render the section under consideration inapplicable.

The question presented with reference to the paving bonds is one of more difficulty. Subdivision LVIII. of section 52, article 2 of chapter 14 of the Compiled Statutes, gives authority to the city to enact ordinances providing for the grading and paving of its streets, and confers the authority to issue the bonds of the city to raise money for that purpose. It is provided that, "no such bonds shall be issued until the question of issuing the same shall have been submitted to the electors of the city at a general or special election therein, and authorized by vote of the majority of the electors voting at such election." But no provision is made in the act for the manner of submitting such question to the electors. Subdivision XXXVII. of the same section confers upon the city the right "to borrow money on the credit of the city, and pledge the credit, revenue, and public property of the city for the payment thereof, when authorized in the manner hereinafter provided." But we are unable to find any provision of a general character governing the exercise of this power. Upon an examination of the legislation of this state upon the subject of issuing bonds, it seems to be the general doctrine, and with few exceptions, that the right to issue bonds depends upon authority therefor conferred by the people constituting the municipality seeking to issue the bonds. This is expressly provided in the section under consideration, and it is the unanimous opinion of the court that the same rule as to the publication of notice must be applied to cases of the kind under consideration as to the issuance of water bonds, or bonds of other descriptions, in which the method of giving notice is pre-

.scribed, and that is, that notice must be published for four weeks in a newspaper published in the county. No other rule can be adopted which will insure safety and retain within the hands of the people who constitute the municipalities the power to control their expenditures and indebtedness.

The writ, therefore, must be denied.

WRIT DENIED.

THE other judges concur.