STATE OF NEBRASKA, EX REL. FRANK SHAFFER, V.
HENRY E. BOWMAN ET AL.

FILED SEPTEMBER 17, 1895.    NO. 4160.

**Mandamus.**  A writ of *mandamus* will issue only when the right to
require the performance of the desired act is clear.

ORIGINAL application for *mandamus.*    *Writ denied.*

*William Leese* and *F. B. Beall,* for relator.

*C. C. Flansburg* and *J. G. Thompson, contra.*

RYAN, C.

This application for a *mandamus* was filed April 8, 1890.
The relator in his petition alleged that the city of Alma in
the year 1890 was a city of the second class, containing
more than one thousand inhabitants; that said city was
made up of three wards; that on the · first Tuesday of
April, 1890, the relator was a candidate for the office of
councilman of the first ward and received the same number
of votes as did the candidate opposing him; and that the
respondents, who were judges of the election in the said
ward, had duly delivered to the city clerk of Alma the bal-
lots cast and poll books used in said first ward election
without having previously determined by ballot which can-
didate should serve as councilman from the first ward.    The
prayer was for a writ of *mandamus* requiring the respond-
ents to assemble forthwith and determine the aforesaid tie
vote by ballot and certify the result to the city clerk and
council of said city.    By their answer filed October 2, 1891,
the respondents alleged that they had never been requested
to determine the said tie vote until the poll books and ballots
had passed out of the hands of themselves as election
judges.    We have been cited to no statute which in terms

makes provision for the above contingency.   Section 45, chapter 26, Compiled Statutes, provides that where the tie is between two persons who are candidates for a township office the clerk shall notify both to appear at his office at a given time to determine the same by lot before the board and that the certificate of election shall be given accordingly.   If the above proceedings prescribed by the chapter entitled "Elections" are by analogy to be deemed applicable to elections in cities of the class to which Alma belongs, as probably they should be, the petition should have stated that the city clerk had taken the step above indicated before a decision could be required by lot, and, even then, the general powers of the judges of election would not so nearly correspond to those of the board as would the powers of the city council.   The writ is denied.

WRIT DENIED.