STATE OF NEBRASKA, EX REL. WOODRUFF-DUNLAP
PRINTING COMPANY, V. J. S. BARTLEY ET AL.

FILED MARCH 3, 1897. No. 8948.

1. **Mandamus.** A writ of *mandamus* will only be allowed when the
relator clearly establishes his right. Nothing essential to that
right will be taken by intendment.

2. ———: STATE PRINTING BOARD: AWARDING CONTRACTS. The statute
providing that no bid for state printing shall be considered unless
accompanied by a bond conditioned to give bond for the perform-
ance of the contract should it be awarded, a bidder, though other-
wise entitled to the contract, cannot have the aid of a writ of
*mandamus* to compel the awarding of the contract to him when
he does not show that his bid was accompanied by the bond so re-
quired.

ORIGINAL application for *mandamus* to require the state
printing board to award to the relator the contract to
print and bind the reports of state officers, and other re-
ports. *Writ denied.*

*J. H. Broady,* for relator.

*C. J. Smyth, Attorney General,* and *Ed P. Smith, Deputy
Attorney General,* for respondents.

IRVINE, C.

An act of 1883, Session Laws, chapter 61, Compiled
Statutes, chapter 68, provides for printing for the state.
The auditor of public accounts, treasurer, and secretary
of state are constituted a state printing board and given
general supervision over the matter of state printing, in
the manner provided by the act. The act provides that
the board shall advertise at certain times, and in a cer-
tain manner, for proposals for the different classes of
printing provided for. It is required that the advertise-
ment shall state that the board reserves the right to
reject any and all bids (sec. 4); that the proposal or bid
for any of the contracts shall not be considered unless

the same shall be accompanied by a bond in the sum of $5,000, with two or more sureties, conditioned that in case the party proposing shall be awarded the contract he will, within five days after the award, enter into bonds for the faithful performance thereof (sec. 7). It is then provided that it shall be the duty of the secretary of state to give immediate notice to the successful bidder of the acceptance of his proposal, and that he shall in five days thereafter enter into bonds in the sum of not less than twice the amount of the contract price, conditioned for the faithful performance of the contract, and if he fail to give bond within the time allowed, then "the contract shall be given to the next lowest bidder, who will give bond as aforesaid, or the board may, in their discretion, advertise anew and relet the contract in the manner hereinbefore provided." (Sec. 8.) Further provision is made for actions upon the preliminary bond for failure to give the final bond. (Sec. 10.) Section 2 of the act is as follows: "The printing of all bills for the legislature, with such matters as may be ordered by either house thereof to be printed in bill form, shall be let in one contract. The printing and binding of the senate and house journals shall be let in another contract. The printing and binding of reports of state officers authorized by law to be printed, and all other reports and documents ordered by the legislature, except such as enter into and form a part of the journals, shall be let in another contract. The printing and binding of the laws, joint resolutions, and memorials enacted by the legislature shall be let in another contract. And the printing and binding of all blanks, blank books, and circulars required to be furnished by the officers of the executive department of the state shall be let in another contract."

The relator; a corporation formed for the purpose of conducting a printing business, instituted this action against the then members of the state printing board, praying for a writ of *mandamus* to require the respondents to award and let to the relator a contract for the

printing and binding of the reports of state officers and all other reports and documents ordered by the legislature, except such as enter into and form a part of the journals. The terms of office of the original respondents having expired, an amendment was made praying for similar relief against their successors. The attorney general, on behalf of the respondents, demurred generally to the relation.

Omitting formal and unessential matters, the relation avers that the state printing board duly advertised for bids as provided by the act, designating as class 1 the printing of bills for the legislature, with such matters as may be ordered by either house; as class 3, the reports of state officers and other reports and documents ordered by the legislature not forming a part of the journals, and undertook to reserve under class 3 the right to award contracts in whole or in part, as the board should elect; that the relator filed its bid for the work designated as class 3; that this bid was considered; that it was the lowest and best bid therefor in the aggregate; that, considered by items, its bid was the lowest for certain reports, but the bids of two others were lower than the bid of the relator for certain other reports; that the relator then tendered to the printing board its bond, as required by law, for the performance of the contract for printing all the reports, but the board refused to award to the relator the contract for the whole of the work, solely because it deemed proper to sever the contract and award to the relator the printing only of such reports for which it was the lowest bidder, and undertook to award to the two other competitors referred to the contracts for printing those reports for which they were, respectively, the lowest bidders. The relator contends that under section 2 of the law, already quoted, the printing of all reports must be awarded in a single contract, and that the board had no power under the law to sever the contract. The respondents, in support of their demurrer, contend against this construction of the statute, and also insist

that the relator has, for other reasons, failed to show a right in itself to the contract, among such being that the relator does not aver that it tendered the preliminary bond required by section 7 of the statute. This defect is fatal to relator's case, and renders a decision of other questions unnecessary. The positive mandate of the law in section 7 is that a proposal shall not be considered unless it be accompanied by a bond conditioned for the giving of bond for the performing of the contract in case it shall be awarded. This provision is not idle and the giving of the preliminary bond is not a bare formality. If a bidder is successful and fails to give the proper bond for the performance of his contract, the board may either relet the contract to the next lowest bidder who will give bond or it may readvertise and receive new bids. In either event the state sustains a loss, and the requiring of preliminary bonds is for the purpose of protecting the state against that loss. While the relator alleges that it tendered the final bond for the performance of the contract, it does not allege that it tendered the preliminary bond with the bid. If that bond was not tendered, it was not only the right, but the duty of the board to disregard the bid. In order to obtain a writ of *mandamus* the right of the relator must be clear, and nothing essential to that right will be taken by intendment. (*State v. School District*, 8 Neb., 92; *State v. Mayor and Council of Omaha*, 14 Neb., 265; *State v. Nelson*, 21 Neb., 572; *State v. Babcock*, 25 Neb., 500; *State v. Sabin*, 39 Neb., 570; *State v. Cook*, 43 Neb., 318; *State v. Home Street R. Co.*, 43 Neb., 830; *State v. Bowman*, 45 Neb., 752.) While the relation alleges that the board based its refusal solely upon its claim of power to sever the contracts, still the writ should not be granted unless it be made to appear that the relator was, aside from that contention, entitled to the award.

WRIT DENIED.