## City of Chicago v. Margaret Campbell.

### Gen. No. 11,735.

1.  POLICE TRIAL BOARD—*effect of errors upon judgment of.* If in the progress of a trial had before the police trial board errors have intervened, the utmost effect of such errors is to render its judgment voidable.

2.  POLICE TRIAL BOARD—*how judgment of, cannot be impeached.* The judgment of the police trial board, if voidable only, cannot be impeached in a collateral proceeding.

3.  CIVIL SERVICE EMPLOYE—*when not entitled to salary.* Where a Civil Service employe has pursuant to a trial before a Civil Service tribunal been discharged, such employe cannot recover any salary for any period ensuing such discharge, notwithstanding errors may have intervened in the progress of the trial which resulted in such discharge, where jurisdiction to render the judgment existed.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the March term, 1904. Reversed. Opinion filed February 9, 1905.

MICHAEL F. SULLIVAN, Assistant Corporation Counsel, for appellant; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

OSCAR B. McGLASSON and JAMES R. WARD, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Appellee sued the city of Chicago in assumpsit and recovered a judgment in the sum of $568.

Appellee was examined for the position of police matron December 12, 1895, under the Civil Service Law. June 3, 1896, she was certified to the superintendent of the police for appointment as such, and was placed on duty at the Thirty-fifth street station at a salary of $60 per month. In September, 1897, charges were preferred against her for neglect of duty and disobedience of orders. September 17, 1897, a hearing was had before the Police Trial Board, where she appeared, pleaded not guilty, and testified in her

own behalf. The board found that the charges were sustained and recommended that she be discharged from the service, which was accordingly done.

Under date of July 5, 1898, the following proceedings appear in the records of the Civil Service Commission:

" An affidavit being presented by Margaret Campbell, formerly a police matron, to the effect that on the 14th day of September, 1897, during the morning, Lieutenant Enright told her to appear before the Police Trial Board to answer to certain charges preferred against her, but that he did not state to her what the charges were, and in view of the fact that under the rules of the Civil Service Commission a person accused is entitled to charges in writing, and as the notification, as stated in her affidavit, can hardly be considered a full and sufficient notice, and it certainly did not give her a chance to make a proper defense, for these reasons the Commission holds that the said Margaret Campbell is entitled to a rehearing before the Police Trial Board."

Such rehearing was had July 14, 1898. The charges were read to her, and she pleaded not guilty. A trial was had, which resulted in the sustaining of the charges and the confirmation of the previous decision of the board.

In this action appellee claims her wages from September, 1897, to July, 1898, an interval of nine months and fourteen days. It is admitted that she rendered no service to the city during the time for which she sues.

The declaration sets up the adoption of the Civil Service Act by the city of Chicago, July 1, 1895, and the appointment of Civil Service Commissioners under it Section 2 of rule 9, made by said commissioners, provides that no officer or employee " shall be removed and discharged except for cause, upon written charges, and after an opportunity to be heard in his own defense;" states her examination, appointment, service and notification " to appear before the Trial Board appointed by said Civil Service Commissioners, under the provisions of said Act to answer certain charges to be preferred against her;" that she appeared before said board, which then proceeded to hear certain evidence against the plaintiff without any written

charges having been preferred; that no opportunity was given plaintiff to be heard in her own defense, or to present any witnesses in her behalf, although such opportunity was requested by her; that said Trial Board immediately proceeded, after hearing certain witnesses, " to. pronounce the sentence of discharge upon plaintiff, which sentence was afterwards reported to said Civil Service Commission, which ordered the discharge of plaintiff as such police matron," etc.

The only irregularity alleged in the declaration of which there is any proof, is that the Trial Board proceeded to try her without any written charges having been preferred against her.

The allegation " that no opportunity was given plaintiff to be heard in her own defense or present any witnesses in her behalf, although such opportunity was requested by plaintiff," is not supported by any evidence in the record. Two credible and unimpeached witnesses swear that she appeared at such trial and testified in her own behalf.

Appellee admits in her declaration that the sentence of the Board upon the first hearing was " reported to the Civil Service Commission, which ordered the discharge of plaintiff as such police matron."

The finding of the Trial Board upon the first trial was not set aside. Upon the rehearing that finding was confirmed.

The Trial Board, when it found her guilty in September, 1897, and recommended her discharge, had jurisdiction of appellee and of the subject-matter. This being true, its proceedings were not void. If in the progress of the trial errors intervened, the utmost effect of such errors would be to render the judgment voidable. The finding of the board being voidable only, cannot be impeached in a collateral proceeding, as is the case at bar. The board is provided by law and is clothed with power to pass upon the case of appellee and other cases of like character; and its judgments, when approved by the Civil Service Commission, rest upon the same basis and are entitled to the

same respect as are the judgments of other legal tribunals. This principle is commented upon in 17 Am. & Eng. Ency. 1056 (2nd ed.), in the following language: "The general rule has frequently been applied to special tribunals through which the authority of the State is exercised. Whenever any person is given authority to hear and determine any question, such determination is in effect a judgment having all the properties of a judgment pronounced in a legally created court of limited jurisdiction. Accordingly the rule has been applied to proceedings of selectmen to enforce the repair of mills, dams, etc., or in the laying out of highways, to the proceedings of commissioners appointed pursuant to statute in laying out highways, to the orders of county commissioners, to the decision of a state superintendent of schools reinstating a teacher who had been removed, and to the decision of a board of election canvassers." The numerous decisions cited in the notes to this paragraph fully sustain the text.

In Keyes v. U. S., 109 U. S. 336, appellant sued the appellee in the Court of Claims for his pay as second lieutenant of cavalry, and was defeated in his action. On the trial it appeared that appellee had been tried by a general court-martial upon four charges. When that court was convened appellant was asked if he had any objection to any member of the court, and replied that he had not. Colonel Merritt, a member of the court, was called by the prosecution and gave evidence tending to support one of the charges, and then continued to sit as a member of the court. To all this appellant then made no objection. The court found appellant guilty and sentenced him to be dismissed from the service. This sentence was approved and carried into effect. The suit was brought for pay accruing after the finding of the court was approved, it being claimed that notwithstanding appellant did not object to the proceedings at the time they took place, the fact that Colonel Merritt was prosecutor, witness and judge rendered the proceedings of the court-martial void. The Supreme Court say: "That the court-martial, as a

City of Chicago v. Campbell.

general court-martial, had cognizance of the charges made, and had jurisdiction of the person of appellant, is not disputed.    This being so, whatever irregularities or errors are alleged to have occurred in the proceedings, the sentence of dismissal must be held valid when questioned in this collateral way.    Thompson v. Tolmie, 2 Peters, 157; Voorhees v. Bank of United States, 10 Id. 449; Cornett v. Williams, 20 Wallace, 226, 249.    This doctrine has been applied by this court to the judgment and sentence of a naval general court-martial, which was sought to be reviewed on a writ of *habeas corpus, ex parte* Reed, 100 U. S. 13." The judgment of the Court of Claims was accordingly affirmed.

In Thompson v. Board of Education, 57 N. J. L. 628, appellant, a school teacher who had successfully litigated before the state superintendent the controverted questions upon which her right to compensation depends, was held to be entitled to a writ of *mandamus* to obtain payment thereof.    In passing upon the question the court say : "For present purposes it is entirely unimportant whether the decision of the state superintendent was warranted by the facts before him, or whether it was grossly erroneous, inasmuch as he had indubitable jurisdiction over the parties and the subject-matter.    There is no distinction in point of conclusiveness between the decisions of a special tribunal such as this and the judgments of a court of record."

In the absence of fraud, the judgment of such a special tribunal is not subject to collateral attack.    McLeod v. Receveur, 71 Fed. Rep. 455.    Where it appears that a case is one of a general class over which the tribunal has jurisdiction, its judgment is not void if it had jurisdiction of the subject-matter and of the person of the defendant, although the statutory requirements were not all complied with by the tribunal or its officers.    Jackson v. Smith, 120 Ind. 520; Ft. Wayne v. Cody, 43 Ind. 197; Warner v. Myers, 3 Oregon, 218; Salisbury v. County, 39 N. H. 359. The decision of a special tribunal, where it has jurisdiction of the subject-matter and of the parties is conclusive, unless reversed and modified in the mode provided by law.    State v. Nelson, 21 Neb. 572.

We are of the opinion that upon principle and under the
authorities cited, appellee was not entitled to any salary
after the time she was discharged by the Civil Service
Commission in September, 1897, and we therefore reverse
the judgment of the Circuit Court.

*Reversed.*