CHARLES MANAHAN ET AL., APPELLEES, V. ADAMS COUNTY ET AL., APPELLEES; KOUNTZE BROTHERS, INTERVENERS, APPELLANTS.*

FILED DECEMBER 21, 1906. No. 14,572.

1. **School Districts:** INDEBTEDNESS. Prior to the passage of the act of February 26, 1879 (laws 1879, p. 170), providing for the issuing and payment of school district bonds, territory detached from a school district, which was subject to an indebtedness, might be held equitably liable to such district for its proportionate share of the indebtedness.

2. ———: ENFORCEMENT OF LIABILITIES. But such liability could not be enforced at the suit of the judgment creditor, except on allegation and proof of the fact that there was not enough property remaining in the district originally liable to pay the existing indebtedness.

3. Intervening petition examined, and *held* not sufficient to state a cause of action.

APPEAL from the district court for Adams county: ED L. ADAMS, JUDGE. *Affirmed.*

*Reavis & Reavis* and *J. P. A. Black,* for appellants.

*Tibbets, Morey & Fuller* and *F. P. Olmstead, contra.*

*Rehearing denied. See opinion, p. 832, *post.*

Oldham, C.

In 1873 school district No. 34 of Adams county, Nebraska, for the purpose of raising money to erect a schoolhouse, executed its two written notes or bonds for $500 each. These obligations were purchased by Kountze Brothers. The district as then constituted included within its boundaries certain sections of land, which by subsequent change and readjustment of county boundaries now lies in Hall county, Nebraska, and is there known as school district No. 21 of Hall county. The fact of this particular change, however, is immaterial to any question involved in the present controversy. In addition to the territory subsequently transferred to Hall county there were other sections of land included in the boundaries of district No. 34, which in the year 1874, and after the bonds had been issued and negotiated, appear to have been legally detached from district No. 34 and organized, with other contiguous territory, into school district No. 52 of Adams county. · In 1878 Kountze Brothers procured a judgment against district No. 34 for the principal and interest then due on their bonds. Since the rendition of this judgment there has been much litigation over its attempted collection between the judgment creditors and portions of the territory formerly constituting district No. 34. Nothing determined in these numerous controversies bears directly on the questions now at issue, except the decision in *School District No. 34 v. Kountze Bros.*, 3 Neb. (Unof.) 691, which affirmed a judgment of revivor of the judgment entered in · favor of Kountze Brothers in 1878. After the judgment of revivor was entered a levy of a tax of 150 mills for the payment of the revived judgment was spread upon the tax books of Adams county, and extended over the property now embraced within the limits of district No. 34, and also over the detached property in Adams county formerly belonging to it, but separated from it before the judgment was rendered against this district. A number of owners of real estate in the detached territory joined

in a petition to enjoin the levy and collection of the 150-mill tax against the property situated in this territory. The petition was filed for the benefit of plaintiffs and all others similarly situated, and prayed for a perpetual injunction against the levy of the 150-mill tax on the property situated in the detached territory. To this suit Adams county and the treasurer of Adams county were made parties defendant, and each appeared and filed an answer. School district No. 34, as now constituted, was permitted to intervene, as were also Kountze Brothers, who filed a petition as judgment creditors of the district. At the hearing of the cause in the district court the injunction was made perpetual against the levy and collection of the 150-mill tax as prayed for in the petition. Neither county, the county treasurer, nor district No. 34 has appealed from this judgment, but an appeal has been taken by Kountze Brothers, interveners, as judgment creditors of district No. 34.

Prior to the passage of the act of February 26, 1879 (laws 1879, p. 170), providing "for the issuing and payment of school district bonds," there was no defined statutory liability upon detached territory of school districts for the indebtedness incurred during the time such territory was in the district. But in the unreported case of *People v. School District No. 9,* referred to in *State v. School District No. 9,* 8 Neb. 92, and in the case of *Clother v. Maher,* 15 Neb. 1, the equitable principle was recognized that, where a district which was in debt was subdivided and sufficient territory detached to impair the obligation by not leaving sufficient property liable for the payment thereof, the detached territory would be held liable for its share of such indebtedness. In *State v. School District No. 9, supra,* an application for a mandamus to extend the levy over the detached territory for an indebtedness accruing while such territory was included within the boundaries of the district was denied for the reason, as stated in the opinion, that the primary liability for the debt was against the district, and that it

was not made to appear tha. the amount of property remaining was inadequate for the payment of the debt and interest.

In the case at bar the intervening judgment creditors nowhere allege that the property remaining in district No. 34 is inadequate even under the levy made for the satisfaction of their judgment, nor did they introduce any proof at the trial of the cause to support such an averment. In this view of the case we think the petition insufficient to show a right of intervention, or that the rights of the interveners could in any manner have been affected by the judgment of the district court. The equitable right to a contribution as between district No. 34 and its detached territory for the payment of the debt created is not before us in this controversy, and, consequently, we express no opinion upon it. As none of the other parties have appealed, we recommend that the judgment of the district court dismissing appellant's petition of intervention be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.

The following opinion on rehearing was filed April 18, 1907. *Rehearing denied:*

AMES, C.

The brief continues to urge the point made in the original brief and urged at the oral argument that the act of 1879 (laws 1879, p. 170) applied to the contract under which the original indebtedness was created. As the indebtedness against the school district was created long before the passage of this act, we were of opinion that this act could not be given a retroactive interpretation, and, therefore, we determined the case on the laws in existence at the time the contract was entered into. The opin-

ion cited Nebraska decisions governing the liability of detached territory for the indebtedness of the school district from which it was detached at the time the indebtedness accrued. Appellants' contention depends on the application of the provisions of this act of 1879 to a contract entered into by a school district in 1873, from which territory was detached in 1874, or five years before the passage of the act. Our view was that the act of 1879 could not entail a different liability on territory detached before its passage than such as existed at the time it was detached. In other words, we thought that territory deached from a school district in 1874 carried with it the burden of liability for the indebtedness of the school district that was entailed by the law then in existence, and that this burden could not be increased by subsequent legislative enactment.

We are satisfied with our former conclusion, and recommend that the motion be overruled.

By the Court:

MOTION OVERRULED.