THE STATE, EX REL. SAMUEL BEATTY, v. THE MAYOR AND COUNCIL OF OMAHA ET AL.

1. **Mandamus.** To warrant a court in granting a mandamus, it must be made to appear that the relator has a clear legal right to the performance by the respondents of the particular duty sought to be enforced, and that he has no adequate remedy at law.

2. **Cities: NUISANCE.** Temporary obstructions in a street, which are reasonable and necessary for the erection of a building upon an adjoining lot, do not constitute a nuisance, provided they are not unreasonably prolonged.

ORIGINAL application for mandamus.

*Redick & Redick*, for relator.

*John D. Howe*, for respondents.

MAXWELL, J.

This is an application for a mandamus to compel the mayor and council, the marshal, and street commissioner of the city of Omaha, to remove a certain frame building from 12th street in said city. The relator states in his

application that he is a saloon keeper in said city; "that on or about the 1st of February, 1880, he procured a lease of the building then and now standing on the west side of 12th street, between said Farnham and Douglas streets, and on the corner of the alley, for — years from that date; that he took out his license as required by law, and at a great expense fitted up said building, placed therein a large stock of goods, and engaged in the retail liquor and cigar business, and soon built up a large and lucrative trade, which was constantly increasing until the date of the grievances hereinafter stated. * * * That on or about the 1st day of March, 1882, the Nebraska National Bank, a corporation organized under the national banking act of the congress of the United States, purchased a large building, 132 feet in length and twenty-two feet in width, then standing on the north-west corner of Farnham and 12th streets, and on lot 8, in block 121, and unlawfully moved the same out over the sidewalk into said 12th street, so that the same occupied about twenty-four feet of said street for a distance of about 136 feet, the rear of said building standing within twenty feet of the front doors of your petitioner's place of business, and in so doing tore up and mutilated the sidewalk running from Farnham street to the alley on the west side of said 12th street; that the only way wagon or carriage travel on said 12th street between Farnham and Douglas streets can be accommodated is by a narrow passage way between said building and the sidewalk on the east side of said 12th street; that said building obstructs and hinders traffic of every kind upon said street, and is a great inconvenience to the traveling public in general, and those who do business on that street in particular, and by reason whereof your petitioner is greatly and especially damaged; that by reason of said obstruction your petitioner's place is out of sight of said Farnham street and persons who pass that way, and has been rendered almost inaccessible; that in plaintiff's busi-

JANUARY TERM, 1883.            267

The State, ex rel. Beatty, v. City of Omaha,

ness the most important element of success is the procurement of a well known and popular locality; that there is no other place in said city as desirable and advantageous to your petitioner for his said business as was his present one before the removal of said building into said street; that since said removal his trade has been constantly falling off, owing to the impassable condition of said street and the obscurity of his location, and the fact that pedestrians are driven to the east side of said 12th street, all caused by the removal of said building into and the consequent obstruction of said street." etc.

There are other allegations as to the obstruction of the street as to the public at large, to which it is unnecessary to refer. A number of the ordinances of the city are also set out in the application, which do not require notice.

To warrant the court in granting a mandamus, it must appear that the relator has a clear legal right to the performance by the respondents of the particular duty sought to be enforced. *Anderson v. Cobson*, 1 Neb., 172. *State v. School Dist.*, 8 Id., 94. High on Ex. Legal Rem., § 10. And it must also appear that he has no adequate remedy at law.

The application is defective in both of these particulars, and fails to state facts sufficient to entitle the relator to the writ.

Whether this court would control the action of the mayor and council of a city of the first class, in regard to the temporary removal of buildings into the street, is not now before the court, and we express no opinion thereon. It is very clear, however, that the application fails to state all the facts as to the removal of the building, and it was conceded in the argument of the case that the removal was temporary and for the purpose of enabling the bank to erect a new building on the site formerly occupied by the wooden building. And it has erected and nearly completed such building.

Is a reasonable temporary obstruction of the street and side-walk for the purpose of erecting a new building a nuisance? The right of the public to the use of a street is the right of every person who desires to do so to pass and repass along the same. But this right is subject to temporary or partial obstructions necessarily placed therein.

In *Com. v. Passmore,* 1 Serg. & Rawle, 217, the supreme court of Pennsylvania says: "Necessity justifies actions which would otherwise be nuisances; this necessity need not be absolute—it is enough to be reasonable. No man has a right to throw wood or stones into the street at pleasure. But inasmuch as fuel is necessary a man may throw wood into the street for the purpose of having it carried into the house, and it may lie there a reasonable time. So because building is necessary, stone, brick, lime, sand, and other materials may be placed in the street, provided it be done in the most convenient manner."

In *Rex v. Ward,* 4 Ad. & El. 405, Lord Denman, speaking in reference to a board erected for repairing a house, said: "The board is placed for the safety of those possessing the right of way; it protects them from inevitable danger; if it leaves them a free passage, and leads them another way, the whole street is necessarily obstructed. Every way to which houses adjoin must be considered as set out, subject to those occasional interruptions which resemble the temporary acts of loading coal in Keels, alluded to in *Rex v. Russell,* 6 B. & C., 566."

In *Clark v. Fry,* 8 O. S., 373-4, the supreme court of Ohio says: "Even the use of a highway for mere transit by one part of the public may, at the time of a multitude upon it, oppose a temporary obstruction to the passage of another part of the public. A company of persons stopping and standing on the pavement of a street with their wagons or carriages, for mere temporary purposes of business, interpose impediments to the free and uninterrupted transit upon a public highway. The delivery of freight, and

every variety of goods, fuel, etc., at business and other houses, on a street, is a necessary incident to the use of the public highway, and the repair and improvement of streets and the deposit of the materials for the same, often create obstructions to the uninterrupted transit by the public. So, also, the improvement or building or repair of houses, and the construction of sewers and cellar drains, on adjacent lots, often create necessary temporary impediments upon public highways. These are not invasions of, but simply incidents to, or rather qualification of, the right of transit, and the limitation upon them is, that they must not be unnecessarily and unreasonably interposed or prolonged."

Temporary obstructions in a street which are reasonable and necessary, for the erection of a building upon an adjacent lot, do not constitute a nuisance, provided they are not unreasonably prolonged. Such obstructions are not invasions of the rights of the public to the use of the street, but merely incident to or a limitation on such right; but are justified only so long as they are reasonably necessary. The party placing the obstructions therein, however, will not be justified in leaving the street in an unsafe condition. One of the principal grounds of complaint in this case is the obstruction of the sidewalk, thereby causing people to pass on the east side of the street, and away from the relator's place of business, but there are no facts stated showing such obstruction to be unnecessary. As to the removal of the building into the street, it is evident that it was placed there temporarily, and there is no allegation that it was not so removed with the consent of the proper public authorities. The facts stated in the application do not show the obstructions to be a nuisance. The writ must be denied.

WRIT DENIED.