## KING *v.* CITY OF CLEVELAND.

*(Circuit Court, N. D. Ohio, E. D.* October Term, 1885.)

MUNICIPAL CORPORATIONS—LIABILITY FOR OBSTRUCTION IN STREET—FAILURE TO WARN OF DANGEROUS OBSTRUCTIONS BY LIGHTS.

Where a person, while driving along a street at night, was injured by being thrown from a carriage which came in contact with rubbish obstructing the street, of which he was not properly warned by lights, the city was held liable for damages.[1]

---

[1] As to the liability of municipal corporations for injuries caused by obstructions on the highways, see Town of Rushville v. Adams, (Ind.) 8 N. E. Rep. 292, and note; Gallagher v. City of St. Paul, 28 Fed. Rep. 305; Grant v. City of Stillwater, (Minn.) 28 N. W. Rep. 660.

As to the presumption of notice to the municipal authorities, see City of Plattsmouth v. Mitchell, (Neb.) 29 N. W. Rep. 593.

At Law.

*E. K. Wilcox* and *R. Bacon*, for plaintiff.

*W. E. Sherwood* and *W. Robinson*, for defendant.

WELKER, J., *(charging jury.)*   The plaintiff in his petition sets out, as his cause of action against the defendant, that on the twelfth day of November, 1879, it wrongfully placed divers large quantities of dirt, sand, rubbish, stones, boxes, and other materials for building purposes, in and across Bank street, in said city, at or near a certain building on east side of said street, and negligently and wrongfully suffered and permitted said dirt, sand, rubbish, stones, boxes, and other materials to extend across and occupy more of said street than was reasonable and necessary, to-wit, more than one-half of the width of said street, and to remain and continue therein, on the said twelfth day of November, 1879, and during the night-time of that day; that it negligently and wrongfully suffered and permitted said dirt, sand, rubbish, stones, boxes, and other materials to so remain and continue in and across said street during the night-time of said twelfth day of November, 1879, and after dark, unprotected and unguarded with a sufficient number of lights, or in such a manner as to be distinctly seen by those who might be passing, and the same was permitted to remain without any signal or light to guard the same, or to denote the same was there; that in consequence of the carelessness, negligence, and improper conduct on the part of the defendant, the plaintiff, while lawfully passing along said street, in the night-time of said day, in a certain carriage drawn by horses, was then and there, by reason of said dirt, sand, rubbish, stones, boxes, and other materials so allowed to be and remain in said street as aforesaid, overturned with great force, and violently thrown upon said street, and one of the plaintiff's legs was thereby broken, and otherwise bruised and injured, without any fault or negligence on his part,—by reason of which he has sustained damages, and asks judgment for the damages he has sustained thereby.

These allegations are denied by the defendant; and it also says that the plaintiff was injured by his own negligence, and not by reason of the want of care of the defendant.

This issue you are to determine from the evidence in the case, under the direction of the court as to the questions of law involved therein.

The suit is founded upon a charge of negligence on the part of the defendant.   To maintain his action, the plaintiff must establish, substantially, the negligence charged against the city in the petition; and it must also be shown in the whole evidence that the plaintiff did not, by his own negligence and carelessness, contribute to the injury; and if it appear that the defendant was guilty of the negligence charged against it, yet if the plaintiff was himself guilty of such negligence as that the injury would not have occurred without that care-

lessness and negligence on his part, then the plaintiff is not entitled to recover.

. It will be important for you, before proceeding to investigate and determine the questions of fact growing out of this issue, to know what, in law, is understood to be "negligence" for which an action may be maintained against a party guilty of such negligence. "Negligence" is a failure to do what a reasonably prudent person would ordinarily do under the circumstances of the situation, or in doing what such a person, under existing circumstances, would not do. "Carelessness" and "negligence" are relative terms. What might be "negligence" under some circumstances, or at some time or place, may not be so under other circumstances, or at another time and place. Reasonable and proper care must have reference to surrounding circumstances. They may often demand a higher or lower degree of care and diligence of a party called upon to act. Negligence is a question of law and of fact. The duty of a party is a question of law, and what was done by a party is a question of fact. The court settles the former, and it is your province to settle the latter.

It is, then, important to understand the rights and duties of the plaintiff as well as the defendant.

The plaintiff had the right to the use of the street, in going from the hotel to the depot, unobstructed and free from danger, but subject to such incidental, temporary, or partial obstructions as are necessarily occasioned in the building or repair of houses fronting upon the street over which he passed. But in using the street he must exercise reasonable and ordinary care to avoid obstructions, if any be found therein. In the night-time he had the right to suppose, in the absence of signals of danger, that the street was not dangerously obstructed, or dangerous to pass over. But in passing over it he must exercise ordinary care and prudence to avoid any dangerous obstructions, both in the observation of obstructions, their locality and character, and the speed used in passing along the streets. If any obstructions attracted his attention, he should be more careful to avoid any others that might be in the street, and near the same; or, if he knew there were building materials located in the street in front of the new building, in driving along he must exercise reasonable care to avoid running upon any such obstructions.

The city had a right to allow Rosenfeld to use a reasonable part of the street for the purpose of depositing therein building materials with which to erect his building, and the same could rightfully be used by Mr. Kostering, the builder or contractor, for that purpose. It had the right to prescribe terms and conditions that would be reasonably proper to secure the safety of persons passing along the street; and, among others, to require such owners or contractors, in the night-time, to place signal lights at or near obstructions, sufficient to warn those passing of danger in so passing. Without any permit to do so, owners of lots abutting directly on streets in a city like Cleveland

have a right to the use of a reasonable or necessary part of the street on which to deposit building materials in the erection of their buildings, and the city could not prevent them from such reasonable use; but they must comply with reasonable requirements made by the city to provide for the safety of persons using the streets.

Having allowed Mr. Rosenfeld and the contractor, by permits granted in the usual way, to use one-half of the street on which to deposit necessary building materials, with the provision therein as to proper signals, as stated, and such building materials being in the street at the time the plaintiff alleges he received the injury of which he complains, the question arises, what was the duty of the city in seeing that proper guards and proper lights were placed at or near the materials so deposited?

The principal negligence complained of by the plaintiff is that, being in the night-time, no lights were placed at or near the materials sufficient to warn him of danger as he passed along the street. Having provided in the permits to Rosenfeld, and Kostering, the contractor, that in the night-time sufficient lights should be placed by them at or near materials placed and remaining in the street to warn persons passing along of dangerous obstructions, the city had a right to suppose such lights were so placed in the night-time. While it was the general duty of the city to keep its streets in safe condition for the use of persons passing over the same, and liable for injuries caused by its neglect or omission to keep them in repair and reasonably safe, yet in such a case, the basis of the action being negligence, it is not liable for an injury resulting from such negligence unless it had notice or knowledge of the defect that caused the injury before it was sustained; or, in the absence of express or direct notice, such notice or knowledge may be inferred from facts and circumstances showing that such want of proper lights to denote dangerous obstructions existed for a sufficient period of time, and in such a public and notorious manner, as that the officers representing the city, or those employed by the city for the purpose of removing obstructions in the city, in the exercise of ordinary care and diligence, ought to have known of such want of proper guards in the night-time.

The city is not an insurer of the absolute safety of persons passing along its streets in the night-time. It is only required to exercise ordinary care for such safety; and, in judging of what would be ordinary care, you are to take into account the great number of streets, and their mileage, contained in the city. If the city, or the officers or employers representing it, had such notice or knowledge, direct or implied, as I have stated, then it was its duty to see that proper lights in the night-time were placed at or near the obstructions, such as would be sufficient to warn persons of reasonable and ordinary prudence of the presence of such obstructions; and, failing to do so, it would be liable for injuries resulting from such failure.

It will be important, then, for you to ascertain the character of

the obstructions, and what lights were placed at or near them, or what other lights in the street were near them, the time the plaintiff received the injury of which he complains.

Was there a reasonable or proper light or lights placed at or near the obstructions? The plaintiff says there was no light there, and the defendant claims a suitable and proper light was placed and was there at the time of the injury. The plaintiff must establish his allegation by a fair preponderance of proof. This being a question of fact, you must determine it from a careful consideration of all the evidence. Then, if you find that no proper lights were then at the obstructions, you must ascertain whether the defendant had notice or knowledge of such failure of lights, or ought to have known of such failure, as I have before stated to you. If you find no such notice or knowledge of the defendant is established by the evidence, the plaintiff is not entitled to recover in this action.

Bearing upon the question of the care, or want of care, of the plaintiff in passing along the street, it will be important for you to ascertain the kind of a night it was,—dark or otherwise; the character of the lights, if any, surrounding or adjacent to the place at which the injury was sustained; and if, under the evidence, the plaintiff is shown to have contributed to, or occasioned the injury by, his own carelessness, he is not entitled to recover. Or if you find that the injury was occasioned solely by the carelessness of the driver, Ellwood, the defendant cannot be held liable for the injury thus produced. If the driver's negligence *only contributed* to the injury, his negligence cannot be attributed to the plaintiff, and must not be regarded as his negligence, so as to defeat his action, where the negligence of the defendant directly contributed to the injury.

In settling questions of fact, where there is conflict of evidence, it is your duty to reconcile such conflict if you can, and, from all the evidence, ascertain the truth. One of the most difficult duties of courts and juries is to determine and find the truth in such conflict of testimony. The law has wisely laid down certain tests of credibility to be applied to witnesses to aid in finding the truth of their testimony. Among them are these: The manner of the witness on the stand,—you have the witness before you, and can see the manner in which he gives his testimony; the intelligence of the witness, or his knowledge of the subject-matter about which he swears, and the means of knowledge; the care and attention which the witness may have given to the occurrence about which he may testify; to the interest of the witness in the subject-matter about which he swears, or his interest in the result of the suit, or his feelings in regard to the parties; the probability of the statement of the witness,—would such things occur in the ordinary transactions of life? Where the statement is improbable, it would require corroboration to believe the statement. Is the witness corroborated or contradicted by other witnesses? Has the witness told other stories to other parties, or sworn

differently on other trials, about the same subject-matter? Is the witness of good character, or is he impeached?—all witnesses are presumed to have good character for truth unless so impeached. Now, apply these tests to the evidence in this case, and, as it is your duty, find the truth from the evidence.

If you find the defendant not guilty of the negligence charged, you will return a verdict for the defendant. If you find for the plaintiff, you will assess such reasonable amount of damages as, in your opinion, he is entitled to recover. The amount of damages is entirely within your control.

The law lays down several elements that may be taken into account in such assessment,—such as the loss of time occasioned by the injury, the bodily and mental suffering, expense of doctor's bills, and nursing, diminished capacity to attend to business, and permanent disability occasioned by the injury, if such be made to appear.

Now, take this case, and, under these general directions, examine all of the evidence, and make such a finding as will satisfy you of having done right and justice between the plaintiff and the city.

Verdict for the plaintiff.