STATE OF NEBRASKA, EX REL. POMERENE & COOPER,
v. D. G. SABIN, TREASURER.

FILED MARCH 6, 1894.   No. 4811.

**Mandamus:** SCHOOL DISTRICT WARRANTS: PAYMENT BY TREAS-
URER. A writ of *mandamus* cannot issue to the treasurer of a
school district requiring payment by him of an order payable by
its terms at a fixed time in the future and in the meantime
drawing interest at a rate per centum defined by the terms of
the order itself.

ORIGINAL application for *mandamus.*

*Lamb, Ricketts & Wilson,* for relators, cited: *State v.
Gandy,* 12 Neb., 232; *State v. Scott,* 15 Neb., 147; *State
v. Leidtke,* 12 Neb., 171; *State v. Roderick,* 23 Neb., 505;
*Everts District Township of Rose Grove,* 77 Ia., 37; *Capi-
tal Bank of St. Paul v. School District No. 85,* 42 N. W.
Rep. [Dak.], 774; *Robbins v. School District,* 10 Minn.,
268; *Maher v. State,* 32 Neb., 369.

*Steele Bros., contra,* cited: *School District v. Stough,* 4
Neb., 357; *Nevil v. Clifford,* 24 N. W. Rep. [Wis.], 65;
*Gehling v. School District,* 10 Neb., 239.

*A. J. Evans,* also for respondent.

RYAN, C.

This proceeding was instituted June 30, 1891, to compel
payment by the defendant of an order, of which the follow-
ing is a copy:

"$500.        DAVID CITY, NEB., September 2, 1889.

"State of Nebraska, Butler county: Treasurer of School
District No. 56 of Butler County: On the first day of
March, 1891, pay to the order of Pomerene & Percival the
sum of five hundred and $\frac{00}{100}$ dollars out of any money in

your hands belonging to the fund for general purposes. Interest, seven per cent per annum from date until paid.

"GEO. P. SHEESLEY, *Director.*

"Countersigned:

"H. W. KELLER, *Moderator.*

"No. 14138."

The relators in their petition averred that by the terms of the instrument aforesaid it matured on the 1st day of March, 1891, and that the said order, at the time of the commencement of this proceeding, was the property of the relators, whose demand of payment had been refused by the defendant, though the said defendant had in his hands sufficient funds with which to make full payment of the same and could properly have done so.    There was, soon after this action was begun, a reference thereof and quite a large amount of evidence was taken by the referee in support of the contentions of each party, for which reason it is deemed but fair to decide this controversy, notwithstanding it is one which should not have been brought in this court in the first instance.    The order copied above was of date September 2, 1889, due March 1, 1891, for $500, and, by the terms of the instrument itself, this sum drew interest at the rate of seven per cent per annum.    This was, therefore, not a mere order drawn against some fund specified and in existence; it was rather an order payable out of a fund entirely to be provided for in the future.

In *School District No. 2, Dixon County, v. Stough,* 4 Neb., 357, LAKE, J., delivering the opinion of this court, said: "Contracts for the erection of a school house should be made with reference to the funds in the treasury for that purpose. The district board have no authority to draw orders in payment thereof on a fund which has been proposed but not raised by taxation."    The rule stated is as applicable to orders of the class under consideration as to those referred to in the above opinion ; *i. e.,* those for the erection of a school house. The contract for supplying the school building at David

City with steam heating apparatus was dated July 4, 1889, and required that the work stipulated should be completed by September 2 immediately following. In payment three so-called orders were to be issued for the sum of $500 each, due respectively May 1, September 1, 1890, and March 1, 1891. This was directly issuing evidence of indebtedness against the school district due respectively in six, twelve, and eighteen months from date. Notwithstanding the above quoted language of Judge LAKE, the relators insist that the following quotation from *Maher v. State,* 32 Neb., 369, justifies the issuance of the order sought to be collected in this proceeding. The language was used by Judge COBB in the opinion referred to, and is as follows : "In the case of *Robbins v. School District No. 1, Anoka County,* 10 Minn., 268, it was held that 'instruments in the form of promissory notes payable at a future date with interest beyond the statute rate, executed for the district by the trustees for an indebtedness incurred by the district, are valid between the parties as a contract for forbearance and a promise to pay the amount specified, but a judgment on them can be enforced only against the fund raised by levying the amount of tax authorized.'" The case in which the above quotation was made was a *mandamus* proceeding to compel the treasurer therein named to pay an order, in the following language :

"$125.    STATE OF NEBRASKA, DAKOTA COUNTY,

"July 14, 1890.

"Treasurer of School District No. 11, Dakota County: Pay to the order of Allen & Jenkins the sum of one hundred and twenty-five dollars out of any money in your hands belonging to the fund for building.

"JNO. A. WILLIAMS, *Director.*

"Countersigned :

"W. B. AMMERMAN, *Moderator.*

"No. 60."

Immediately preceding the quotation just made from the case of *Maher v. State* there was a discussion of the power of the electors of a district to ratify an action not authorized. Just following the quotation were statements that the school board issued the warrant copied in payment for labor and material used in the construction of a school house pursuant to a contract with the relators, etc. The quotation from *Robbins v. School District* seems to have been made without any reference to the facts under discussion, and, hence, is mere dictum, not necessary to the determination of the case of *Maher v. State*. The Minnesota case cited proceeded upon the ground that there was no inhibition in the law of that state against incurring an indebtedness in excess of what could be met with the taxes of one year. The notes given by the directors as individuals for the rent of premises to be used from year to year for school purposes were therefore held valid as between the parties as a contract for forbearance until the requisite taxes could be levied, assessed, collected, and paid to the trustees, and as binding the trustees and their successors in office to make such payments as had been agreed in said notes. This case, cited in the manner in which it was cited in *Maher v. State, supra,* has no controlling weight or application in this state, and should, therefore, be accorded no consideration as against the rule laid down in *School District v. Stough, supra.* If evidences of indebtedness of the nature of that sought to be enforced in this action are to be held valid and binding, it will render wholly inoperative and useless the provisions of the statute regulating and restricting the issuance of bonds by school districts.

To warrant the granting of a *mandamus* it must appear that the relator has a clear legal right to the performance by the respondent of the particular duty sought to be enforced. (*State v. City of Omaha*, 14 Neb., 265 ; *Anderson v. Colson*, 1 Neb., 172; *State v. School District No. 9, York County*, 8 Neb., 94; High, Legal Rem., sec. 10.) What,

if any, may be the proper remedy available to the relators upon the facts in this case, we are not called upon to determine. Certainly it is not by *mandamus,* and the writ is therefore denied.

WRIT DENIED.