A. H. ANDREWS & COMPANY V. SCHOOL DISTRICT OF McCOOK.

FILED OCTOBER 21, 1896. No. 6597.

1. **Pleading**: NAMES OF PARTNERS: DEMURRER. This action was begun in the name of A. H. Andrews & Co., the firm name, without the further statement that the firm was organized to do business in this state, or giving the individual names of the members of the firm. The defect in the petition, in the particular indicated, did not render it, for that reason, open to attack by general demurrer. (*Sanborn v. Hale*, 12 Neb., 318.)

2. **School Districts**: DEBTS: ISSUANCE OF WARRANTS: INTEREST. A school district of the class involved in this action cannot contract an indebtedness for furnishing the school building, and issue, as evidence of that indebtedness, warrants or orders payable to a party or his order at stated intervals after date, with interest at a certain rate provided for in the terms of the instruments. Any such instruments are invalid and uninforceable.

3. ———: ———: PRESENTATION OF CLAIMS: ACTIONS. It is provided in the law enacted for the government of school districts of the class of the one herein sued, "that all accounts shall be audited by the secretary, approved by a committee, to be styled the committee on claims, and no expenditure greater than $200 shall be voted by the board except in accordance with the provisions of a written contract; nor shall any money be appropriated out of the school fund except on a recorded affirmative vote of a majority of the members of the board, and said account and the records of said board in cities of the first class shall at all times be subject to the inspection and examination of the auditor of such city." *Held*, That the presentation of a claim or account to the secretary or committee on claims was not a condition precedent to the commencement of an action thereon.

ERROR from the district court of Red Willow county. Tried below before WELTY, J.

The opinion contains a statement of the case.

*Hugh W. Cole* and *Stewart & Munger*, for plaintiff in error:

The action could be sustained as an action on the original contract, under the allegation that warrants were issued and payment refused when duly presented. The action could also be sustained on the contract, because the agreement provided for payment in cash or legally issued warrants. (*Paddock v. Symonds*, 11 Barb. [N. Y.], 117; *Goldschmidt v. City of New Orleans*, 5 La. Ann., 436; *Dyer v. Township of Covington*, 19 Pa. St., 200; *Allison v. Juniata County*, 50 Pa. St., 351; *Varner v. Nobleborough*, 2 Me., 121; *Benson v. Carmel*, 8 Me., 110; *State v. Cook*, 43 Neb., 318; *Hitchcock v. City of Galveston*, 96 U. S., 341; *Read v. City of Plattsmouth*, 107 U. S., 568.)

An action will lie on the warrants. (*Heffleman v. Pennington County*, 52 N. W. Rep. [S. Dak.], 851; *Leavenworth County v. Keller*, 6 Kan., 510; *International Bank v. Franklin County*, 65 Mo., 105; *Terry v. City of Milwaukee*, 15 Wis., 490; *Brown v. Town of Jacobs*, 77 Wis., 27; *People v. Clark County*, 50 Ill., 213; *Clark v. Polk County*, 19 Ia., 248; *Board of Commissioners v. Day*, 19 Ind., 450; *Edinburg-American Land & Mortgage Co. v. City of Mitchell*, 48 N. W. Rep. [S. Dak.], 131; *Grayson v. Latham*, 84 Ala., 546.)

The city of McCook can make contracts, contract debts for purposes germane to its business, and issue warrants for the purpose of evidencing the indebtedness. (Tiedeman, Municipal Corporations, sec. 163; 2 Beach, Public Corporations, secs. 776-1361; *City of Lincoln v. Sun Vapor Co.*, 8 C. C. A., 253; *Allen v. City Council of La Fayette*, 89 Ala., 641; *Mullarky v. Town of Cedar Falls*, 19 Ia., 21; *City of Burrton v. Harvey County Savings Bank*, 28 Kan., 390; 1 Dillon, Municipal Corporations, sec. 485; *City of Nashville v. Ray*, 19 Wall. [U. S.], 468.)

The schools of the city of McCook had power to contract the debts without the sanction of the voters. (*Crist v. Township of Brownsville*, 10 Ind., 461; *Sheffield Township v. Andress*, 56 Ind., 157; *Harney v. Wooden*, 30 Ind., 178; *Middleton v. Gruson*, 106 Ind., 18; *Munson v. Minor*, 22 Ill., 594; *Falout v. City of Indianapolis*, 1 N. E. Rep. [Ind.], 392; *State v. City of Omaha*, 7 Neb., 267; *Beverly v. Sabin*, 20 Ill., 357; *School District v. Fogleman*, 76 Ill., 189.)

Where a municipality partially exceeds its power in issuing warrants, the warrants are only void as to the excess, and the petition would state a cause of action for the real amount. (*School District v. Stough*, 4 Neb., 357; *Clark v. Polk County*, 19 Ia., 248; *Young v. Camden County*, 19 Mo., 309; *Johnson v. Stark County*, 24 Ill., 75; *City of Quincy v. Warfield*, 25 Ill., 317; *Mygatt v. City of Green Bay*, 1 Biss. [U. S. C. C.], 292; *Shirk v. Pulaski County*, 4 Dill. [U. S. C. C.], 209; *National Lumber Co. v. Wymore*, 30 Neb., 356; *State v. City of Crete*, 32 Neb., 568.)

A general demurrer is not sufficient to raise the point of a want of legal capacity to sue. (*Sanborn v. Hale*, 12 Neb., 318.)

Though the school district lacked power to act in the manner it did, the law will presume a contract for the value of the furniture. (*Read v. City of Plattsmouth*, 107 U. S., 568; *Chapman v. Douglas County*, 107 U. S., 348; *Clark v. Saline County*, 9 Neb., 516; *City of Lynchburg v. Slaughter*, 75 Va., 57.)

*W. S. Morlan, contra:*

The petition does not state a cause of action, for the reason that the plaintiff has no legal capacity to sue. (*Burlington & M. R. R. Co. v. Dick*, 7 Neb., 242; *Weisz v. Davey*, 28 Neb., 566.)

Under the allegations of the petition, plaintiff's remedy is *mandamus*. (*State v. Gandy*, 12 Neb., 232; *Maher v. State*, 32 Neb., 354.)

HARRISON, J.

The plaintiff filed a petition in the district court of Red Willow county, in an action commenced by it against defendant, which petition was, in the main portions, as follows:

"1. That the defendant, the school district of the city of McCook, in the county of Red Willow, in the state of Nebraska, is a body corporate, duly organized under the laws of the state of Nebraska, and possesses all the usual powers of a corporation organized for public purposes.

"2. Plaintiff further states that on the 13th day of March, 1888, a petition was presented to defendant corporation, signed by the resident electors of said district,. praying that an election be held for the purpose of voting bonds in the sum of $12,000, to be used in purchasing a site, for the erection of a school building thereon, and the furnishing said building.   The records of the defendant corporation show the following action, to-wit: 'Moved and seconded, that as a board we approve the petition and take the action as therein prayed for.   Carried.'   That afterwards, on the 3d day of April, 1888, an election was held in said district for the purpose of voting for or against the issuance of the bonds as prayed for, to-wit, for purchasing site, erecting building, and furnishing same, at which said election more than the requisite number of electors voted in favor of said proposition, and on the 4th day of April the defendant corporation met and declared said bond proposition carried, and ordered the issuance of the bonds.

"3. That said bonds were duly issued and sold by said defendant corporation for the sum of $12,368, and the money held in trust for the purposes for which same was voted by the people."

It was alleged that a site was purchased and the contract made for the erection of the school building, and further: "That on the 17th day of August, 1888, a meeting. of the defendant corporation was held for the purpose of

receiving bids for the furniture necessary for the complete furnishing of said school building, and that on the 18th day of August the defendant corporation held a meeting and at said meeting the defendant corporation accepted the bid and proposition of the plaintiff, A. H. Andrews & Co., for furnishing the school furniture for said building, and the proper officers of said board were ordered to sign contracts for same with A. H. Andrews & Co., which was done.

"6. That said bid and proposition is in the possession of the defendant corporation, and plaintiff is unable to set out a copy of same; that under and by virtue of the terms of said proposition and acceptance the plaintiff was to furnish the furniture for said building, and to receive from the defendant corporation payment in cash or legally issued warrants; also, that there should be deducted from the price of the new furniture an allowance which was to be made for old furniture owned by the defendant corporation, which plaintiff was to take in part payment, said new furniture to be furnished as the building was completed.

"7. That the plaintiff furnished to the defendant the following amounts of furniture complained of, which was of the agreed prices, as per proposition and acceptance and contract, as follows, to-wit: $1,135.50, for which payment was received as follows, $401.90 in old furniture and $733.60 in a school order or warrant, which was afterwards issued and delivered to plaintiff by the defendant corporation; $389.70, for which payment was received as follows, $115 in old furniture and $274.70 in a school order or warrant, which was afterwards issued and delivered to the plaintiff by the defendant corporation; $115, for which payment was received in a school order or warrant issued to the plaintiff by the defendant corporation."

It was also pleaded that, on November 19, 1888, there was issued to plaintiff an order on the treasurer of the school district to pay plaintiff or order the sum of $733.60

on November 19, 1891, with interest at seven per cent per annum, to be paid out of the "contingent fund;" also, that there was issued another order on the treasurer of the district in the sum of $115, payable to plaintiff or order, of date August 20, 1891, with interest at seven per cent, and to be paid out of the "fund for supply," and a third order was issued, dated December 8, 1889, in the sum of $274.70, payable to plaintiff or order September 25, 1891, out of the contingent fund, and further:

"11. The plaintiff further alleges that at the time of the making of the proposition by plaintiff to defendant corporation for the furniture and the acceptance of the same by the defendant corporation, to-wit, on the 18th day of August, 1888, at time contract was entered into, there was in the funds voted by the people for the building and furnishing of this building, realized from sale of bonds not otherwise appropriated, more than the sum of $1,618, and more than enough to pay for the furniture purchased by defendant corporation from the plaintiff.

"12. Plaintiff further alleges that there was, at the time of the issuing of the orders heretofore described, in the fund realized from the sale of the bonds voted for the purpose of building and furnishing the building, and is at the present time in said funds, as shown by the records of the defendant corporation, not otherwise legally appropriated, more than the sum of $1,618, out of which the orders issued to plaintiff should be paid.

"13. That the defendant corporation received the furniture (for which the orders were issued in payment in part) and has appropriated same to their own use, claiming same, and that the defendant corporation has at no time rescinded their contract, or offered to do so, and that the defendant corporation is at this time using and occupying said furniture under claim of ownership.

"14. That said orders were duly presented for payment and payment refused, and also refused to register same, and that the defendant corporation refuses to pay same, and that no part of same has been paid, and that there

is now due and owing from the defendant corporation to the plaintiff the sum of $1,123.30, with interest on $736.60 from November 19, 1888, at seven per cent per annum, and interest on $115 from August 20, 1889, at seven per cent per annum, and interest on $274.70 from December 8, 1889, at seven per cent per annum."

The prayer of the petition was for judgment in the aggregate sums alleged to be due on the orders, and that the defendant be directed and ordered to make a special levy for the purpose of paying the indebtedness. The defendant interposed a general demurrer to the petition, which, on hearing, was sustained, and the plaintiff elected to plead no further, but to stand on the petition. The action was dismissed. The plaintiff presents the case here for review.

The action was instituted in the name of A. H. Andrews & Co., without any statement that it was a firm organized to do business in this state, or setting forth the names of the persons composing the company. It is claimed this rendered the petition defective and open to attack by demurrer. The demurrer was general, and the question of the defect, if any, in the pleading could not be raised by general demurrer. (*Sanborn v. Hale*, 12 Neb., 318.)

One of the questions discussed is in regard to the power or authority of the district officers to issue the paper of the district, or orders payable two and three years after date. It has been held by this court that an examination of the course of legislation on the subject of schools and school districts, their officers or governing bodies, warranted the conclusion that any indebtedness incurred for the purposes it is alleged the district here sued became indebted cannot be evidenced by instruments such as are in suit, and, if issued, they are incapable of enforcement. (*School District v. Stough*, 4 Neb., 357.) "If evidences of indebtedness of the nature of that sought to be enforced in this action are to be held valid and binding, it will render wholly inoperative and useless the provisions of the statute regulating and restricting the issuance of bonds by school districts." (*State v. Sabin*, 39 Neb., 570.)

It is urged that the decisions in the cases just cited were in respect to school districts wherein the boards consisted of a director, moderator, and treasurer; that the one against which this action was instituted is what is generally termed a "city district," and governed by a board of education, and that it was erected under provisions of law differing from those enacted for the guidance and control of such districts as were involved in the controversies settled in the cases to which we have referred, and that its board, or officers, possessed larger or greater power and authority in the particulars herein mooted. A consideration of the statutory provisions in force as to the school districts of which McCook was one at the time the order in question was given or issued, satisfies us that the rule announced in *School District v. Stough, supra,* and *State v. Sabin, supra,* is equally forcible and pertinent in this case.   It is true some of the details of the business of the district are, in a city district, committed to the care of the board of education which in others are to be first submitted to the approval of the voters; but the borrowing of money for building schoolhouses and buying furniture for them was to be accomplished in the same manner, by the issuance of bonds, under practically the same restrictions and provisions, and we can see and have been furnished with no valid and sufficient reason for holding that the one set of districts could issue evidences of indebtedness such as we now have under consideration, and thus evade or avoid the necessity of obtaining the money by the issuance of bonds as provided by law, while another class of districts could not do so.   The intention of the legislature, we think, appears with equal clearness as to each.   It was pleaded in the petition, as was hereinbefore set forth, that the money necessary to pay for the furnishing of the schoolhouse had been obtained by the sale of bonds by the district, voted and issued for the purpose, and was in the treasury; that a contract was entered into with plaintiff to provide the furniture, which plaintiff did, at the agreed prices, and that the same was

accepted, appropriated, and used by the defendant. The demurrer admitted the truth of such of the facts as were well pleaded, and they were sufficient to show the existence of a claim in favor of plaintiff for the amount contracted to be paid for the furniture. The contract in this case is one which the board of education could make. It is alleged that the money had been regularly raised and was on hand to pay the indebtedness incurred by reason of the contract. That the means or instruments issued to evidence the indebtedness, or rather the mediums through which the money was to be drawn from the treasury,—for these school orders or warrants amount to nothing more (*State v. Cook*, 43 Neb., 318),—were issued in such form as to be illegal and void, had no effect on the original cause of action. It retained its full force and vitality, and may be enforced in the present case if it was sufficiently pleaded in the petition.

Of the law under which the district of McCook was acting at the times of the transactions, upon the result of which this action is predicated, was the following section: "That all accounts shall be audited by the secretary, approved by a committee, to be styled the committee on claims, and no expenditure greater than $200 shall be voted by the board except in accordance with the provisions of a written contract; nor shall any money be appropriated out of the school fund except on a recorded affirmative vote of a majority of all the members of the board, and said accounts and the records of said board in cities of the first class shall at all times be subject to the inspection and examination of the auditor of such city." (Compiled Statutes, ch. 79, sec. 17, sub. 14.) It is urged that the petition was insufficient, in that it did not contain an allegation that the account or claim for the amount of the purchase price of the furniture had been presented to or audited by the secretary of the school board and approved by the committee on claims, as provided in the section of the law which we have just quoted. The law does not cast upon the claimant, as a duty, the presentation of

his account against the school district to its auditing officer or committee as a condition precedent to the commencement of an action thereon. The requirements of the .atute in regard to the auditing of claims apply only as between the school district and the designated officials, and refer only to the duties of the latter. They in no manner or degree affect or bear upon the rights of the claimant, and hence it is not, and was not, necessary in the case at bar to plead that the claim had been presented prior to the institution of the action. (*Dement v. De Kalb County*, 25 S. E. Rep. [Ga.], 382; *Gillett v. Lyon County*, 18 Kan., 410.)

The petition contained a sufficient statement of a cause of action against the district on the claim or account of the furniture purchased; hence the demurrer should have been overruled. It follows that the judgment of the district court must be reversed and the cause remanded.

REVERSED AND REMANDED.