EDMOND G. PUESCHELL, Respondent, v. KANSAS CITY
WIRE & IRON WORKS, Appellant.

### Kansas City Court of Appeals, April 3, 1899.

Negligence: OBSTRUCTION IN STREET: LIABILITY OF BUILDING CON-
TRACTOR. For the purpose of erecting a building a reasonably neces-
sary portion of the street may be withdrawn from public use for
piling material, etc., and when so withdrawn the building contractor
is under no obligation to keep such withdrawn space in proper condi-
tion for public travel or a play ground for children; and the evidence
in this case is reviewed and the defendant held to be guilty of no
negligence.

*Appeal from the Jackson Circuit Court.*—HON. E. L.
SCARRITT, Judge.

REVERSED.

BROWN, CHAPMAN & BROWN for appellant.

(1) The instruction asked by the defendant at the close
of the plaintiff's case should have been given for the reason
that it did not appear from the evidence that the injury re-
ceived by the boy was occasioned by a failure on the part of
the defendant to properly discharge some legal duty he owed
to him, and on this point the question of age cuts no figure.
Schmitz v. Railway, 46 Mo. App. 387. (2) A city may
temporarily close a street against use for the purpose of per-
mitting improvements by adjacent proprietors, but it must so
do it as to notify the public of its exclusion therefrom, or it
will be liable to those who in ignorance of such exclusion sus-
tain an injury in attempting to use the way. Stephens v. Ma-
con, 83 Mo. 345; 2 Dillon on Mun. Corp., secs. 730 to 733. (3)
There was no breach or neglect of a legal duty by the defend-
ant. (4) The boy was about this material without right or

without having any business there; he stepped upon these beams within a minute or two after their having been unloaded from the wagon. Nó one was to blame for his injury but himself. In a case like this it was the duty of the court to take the case from the jury by declaring as a matter of law that plaintiff could not recover. Buesching v. Gaslight Co., 73 Mo. 229; Stephens v. Macon, 83 Mo. 355.

CHASE & LESLIE for respondent filed an argument questioning the applicability of the authorities cited by appellant.

GILL, J.—This is an action brought by the father for alleged loss of service, expense of doctors' bill, nursing, etc., of his minor son consequent upon certain personal injuries inflicted by the alleged negligence of the defendant. Plaintiff had a verdict and judgment below for $250 and defendant appealed.

After a careful review of the entire record, we have concluded that the charge of negligence made against the defendant is wholly unsupported by the evidence, and

STATEMENT.    that the demurrer thereto offered at the close of the case ought to have been sustained. There is but little controversy as to the facts, and that only in relation to unimportant particulars. On October 2, 1895, the Altman Building, at the southeast corner of Eleventh and Walnut streets, Kansas City, was in course of construction, and defendant Sutherland was a subcontractor furnishing in place the iron joists, beams, etc. The contractors, with consent of the city, had taken possession of a space including the sidewalk and one-third of the driveway on Eleventh street for the deposit of material used in the building. At that time the entire sidewalk along the north side of the building had been excavated, and the one-third part of the driveway outside the curb line was taken up with piles of brick, lumber,

mortar beds, etc. On the west, at the property line on Walnut street, a complete barricade was formed by a brick pile supplemented with a fence across the Eleventh street sidewalk. At the east end of the new building on Eleventh street, the space so reserved for storing materials was also blocked and barricaded by lumber, etc. At about noon of the day in question defendant hauled and deposited at the main entrance of the building five girders or eye-beams. They were intended for immediate use in the building and were unloaded by the teamster close to the curb and entirely within that portion of the street occupied by the contractors. These five beams were about a foot wide and fourteen feet long. In throwing them from the wagon they lodged upon each other so as to make a somewhat irregular pile of about two and a half feet high. Immediately after unloading the five girders the teamster went into the Altman building to get a piece of timber for use in unloading at the same place a heavy casting carried by another wagon following and then and there present. During the teamster's absence (of not more than a minute or two) the plaintiff's thirteen year old son, then employed in the store near by of Emery, Bird, Thayer & Company, went into the street, and within the bounds of that portion used for the building material, got upon the pile of iron beams just unloaded, and was walking thereon when the top one slipped and fell catching his foot and ankle, from which he received painful injuries.

It is for the parent's loss of this boy's services, medical attention, etc., the present action was instituted. The negligence alleged is "that said pile of girders were so placed and negligently left upon the aforesaid street as that the top one of said pile of girders was left in a loose and toppling condition, so that if any person legally and rightfully upon said street at said point should step upon or touch the same it was likely to and might fall upon such person and thereby damage him," etc.

Before defendant can be held it must be shown that he failed to observe reasonable care in handling the girders, that

NEGLIGENCE:
obstruction in
street: liability
of building
contractor.

he left undone some legal duty which he owed to the plaintiff's son, that he was guilty of culpable negligence which resulted in injuring the boy. Was now the defendant guilty of negligence—did he violate any duty he owed to plaintiff's son? We think not. Under the conceded facts defendant had the right to unload and deposit the iron beams at the place named. It was a right arising from the necessities of the case. While obstructions in a street are ordinarily unlawful and to be treated as public nuisances, yet, as well said by Judge Dillon (2 Mun. Corp. [4 Ed.], sec. 730), "it is not every obstruction, irrespective of its character or purpose, that is illegal, even though not sanctioned by any express legislative or municipal authority. On the contrary the *right of the public to the free and unobstructed use of a street or way is subject to reasonable and necessary limitations and restrictions.* The carriage and delivery of fuel, grain, goods, etc., are legitimate uses of a street, and may result in a temporary obstruction to the right of public transit. So the improvement of the street or public highway itself may occasion impediments to its uninterrupted use by the public. And so of the improvement of adjoining lots by digging cellars, by building, etc.; this may occasion a reasonable necessity for using a part of the street or sidewalk for the deposit of material. Temporary obstructions of this kind are not invasions of the public easement, but simply incidents to or limitations of it."

A reasonable necessity for the temporary deposit of this iron building material must be conceded to exist in this particular case. The law will encourage improvement and the public convenience must yield to such temporary obstructions. The above quoted text of Judge Dillon may be treated as a syllabus of the decided cases. See Clark v. Fry; 8 Ohio

St. loc. cit. 373; Wood v. Mears, 12 Ind. 515-519, etc.;
O'Linda v. Lathrop, 21 Pick. 292; Commonwealth v. Pass-
more, 1 Serg. & R. 217; State ex rel. v. Omaha, 14 Neb.
265; Grant v. City of Stillwater, 35 Minn. 242; Stephens v.
City of Macon, 83 Mo. 345, 352. "A city council, *having
exclusive power over streets,* has the right to determine, by
ordinance, to what extent and under what circumstances they
may be incumbered with *building materials,* and such an ordi-
nance will protect parties acting under it, not only from a
prosecution by the city, but from actions by third persons,
when such actions are not grounded upon the negligence of
the defendant." 2 Dill. Mun. Corp. [4 Ed.], sec. 732.

That portion of Eleventh street occupied and used by
defendant and other contractors of the Altman building, had
been withdrawn from the public use and ample notice thereof
was given by barricades and fencing. Said portion of the
street had for the time being ceased to be a thoroughfare for
the traveling public. Stephens v. City of Macon, 83 Mo.
loc. cit. 352. Defendant was under no obligation therefore
to keep said space in proper condition for use by the traveling
public, or as a play ground for plaintiff's boy. Defendant
was not bound to anticipate the presence of the lad at a place
where he had no right to be. If defendant should be held
liable in this case then with equal propriety might the con-
tractor have been chargeable for injuries received by any one
going upon that portion of the street and coming in contact
with the lumber or brick there stored, or by falling into the
mortar beds. But this can not be. For as already stated,
that portion of the street was temporarily withdrawn from
public use, and the contractor could no more be held for the
injuries so received by an intruder than if they had occurred
from going into the unfinished building and falling between
the unfloored joists therein. In short we fail to discover any-
thing in this evidence even tending to prove that defendant
was guilty of negligence, or failure to exercise proper care

towards plaintiff's son.    The proof shows that the girders were unloaded right near the main entrance to the building, and within the space by the city assigned for handling and storing the material; that it was the purpose immediately to take them within and put them in proper place, but that plaintiff's son suddenly and wrongfully appeared thereon and caused one of the beams to fall on his foot. There is no showing that defendant's teamster did anything in the premises which an ordinarily prudent man would not have done under the same circumstances.    Ordinarily, it is true, the existence or absence of due and proper care is for the determination of the jury.    But where, as in this case, there is no evidence tending to establish negligence, it becomes the duty of the court to direct a verdict for defendant.    This should have been done in this case.    And as said in Schmitz v. Railway, 46 Mo. App. 380:    "In a case like this it can make no difference, whether the injured party was an infant or adult.    The fact that the plaintiff's son was of tender years is only material on the question of contributory negligence, and the question of contributory negligence can only become material when it is affirmatively determined that there is some evidence tending to prove that the defendant was guilty of negligence which occasioned the injury."

On the undisputed facts then, we think the plaintiff failed to make a case for the jury.    The judgment will be reversed.    All concur.