HENRY CHRISTMAN, Respondent, v. CHARLES
MEIERHOFFER, Appellant.

Kansas City Court of Appeals, February 5, 1906.

1. **MUNICIPAL CORPORATIONS: Material On Streets: Signals.**
The right to deposit materials on the street arises from neces-
sity and must be used with reasonable care, within reasonable
bounds of time and space and with reasonable diligence in pro-
viding warning signals during periods of darkness.

2. ————: ————: ————: **Shifting Responsibility: Jury.** The
property-owner cannot shift the responsibility of proper signals
upon a public lighting company, since the duty of providing
signals is imposed upon him; and whether he used reasonable
care to ascertain whether the public lights were in operation
and sufficient to disclose the obstruction, is a question of fact
and not of law.

3. ————: ————: **Use of Roadway.** Though a city is not re-
quired to pave the entire width of a street or to maintain in
safe condition more than the paved portion thereof, yet where
the entire space between the curb lines is paved the public are
invited to use the whole paved portion for travel.

4. **NEGLIGENCE: Contributory: Bicyclist: Headlight: Jury.**
Whether it is negligence for a cyclist to travel in the gloaming
of the evening without a light upon his bicycle, *quaere*? But
on the facts in the record the question of the cyclist's negli-
gence was properly submitted to the jury.

5. ————: **Material on Streets: Evidence: Ordinance: Con-
struction.** In an ordinance set out in the opinion the expression
"building material" is construed to include cinders piled on a
street for the purpose of making a granitoid sidewalk; and an
ordinance requiring such obstructions to be marked by lights is
properly admitted in evidence in an action for damages by a
bicyclist, who, in the darkness ran into such cinders, though
the action was not founded on the ordinance but on negligence.

Appeal from Cooper Circuit Court.—*Hon William H. Martin,* Judge.

AFFIRMED.

*W. M. Williams* for appellant.

(1) Defendant was not negligent. (2) He had the right to pile the materials for the pavement in the street and to use a part thereof for a reasonable time for that purpose. Hesselbach v. St. Louis, 179 Mo. 522; Gerdes v. Iron & Foundry Co., 124 Mo. 354; Elliott on Roads and Streets (2 Ed.), sec. 693; Pueschell v. Wire & Iron Works, 79 Mo. App. 462. (3) It was not, as a matter of law, requisite that defendant should maintain lights upon the material piled in the street, in the absence of a reasonable necessity therefor as a protection to travelers. It was a question of negligence to be determined from all the facts and circumstances in the case. Gerber v. Kansas City, 105 Mo. App. 195; Stoetzele v. Swearingen, 90 Mo. App. 588; Staples v. Canton, 69 Mo. 592. (4) If it had been the custom and practice to turn on the electric lights at dark, and a reasonably prudent person would have relied upon this as sufficient, defendant could not be charged with negligence. He was only bound to use ordinary care and was not compelled to anticipate extraordinary occurrences or those not likely to happen. Keown v. Railroad, 141 Mo. 94; 15 Ency. Law (2 Ed.), 427. (5) Plaintiff, upon his own showing, was guilty of contributory negligence. Plaintiff knew, according to his own testimony, that it was very dark and that when he turned east on High street he could not see more than two or three feet in front of him. He had no light or lamp on his bicycle. The bicycle could be thrown over by any obstacle in the road. Nevertheless he rode forward in this dense darkness without a light on his bicycle and in so doing was guilty of contributory negligence. Jones v. William-

burg, 47 L. R. A. 300; Cook v. Fogarty, 103 Iowa 500, 39 L. R. A. 488. If guilty of contributory negligence plaintiff cannot recover. Hogan v. Railroad, 150 Mo. 36; Zumalt v. Railroad, 175 Mo. 288; Doerr v. Brewing Ass'n, 176 Mo. 547. (6) The court erred in permitting the ordinance on page 63 of the abstract to be read in evidence. It is only applicable where a person desires to use the streets for piling building materials and tools therein for the construction of a new building on his lot or in the repair or removal of an old one. It has nothing to do with materials needed for sidewalks. Hundhousen v. Bond, 36 Wis. 30-31-36. (2) It was harmful and misleading. It was likely to cause the jury to believe that, as defendant has no permit from the mayor, as required by the ordinance, in cases where it is applicable, he was necessarily a wrongdoer in piling the materials in the street.

*C. D. Corum* for respondent.

(1) An abutting owner may obstruct a street, but when he does so he must use proper care and caution to warn persons traveling by night of such obstructions, and of the. danger to which they are thereby exposed. Hundhausen v. Bond, 36 Wis. 36; Raymond v. Asbery, 84 Wis. 407; King v. Cleveland, 28 Fed. 835; Ottumwa v. Parks, 43 Ia. 119; Stuart v. Haven, 17 Neb. 211; Palmore v. Silverthorne, 32 Pa. 68; Elliott on Roads & Streets (2 Ed.), sec. 717; 1 Sherman & Redfield on Negligence (5 Ed.), sec. 361. Defendant simply asks this court to declare that he was relieved from any duty to the public in guarding these obstructions by reason of the fact that generally the electric light company, under the contract with the city of Boonville, furnished sufficient light to release him from any care on his part. This certainly is not the law. Mayor v. Beck, 53 Atl. 976; 1 Shearman and Redfield on Negligence (5 Ed.), sec 31. (3) Defendant's third conten-

tion is that the demurrer to the evidence should be sustained, because, he alleges, the plaintiff was guilty of contributory negligence in not carrying a light or lamp at the time of the injury. In support of that proposition, he cites a note of the reporter of the Lawyers Reports Annotated, 47 L. R. A. 300, and the case of Cook v. Fogarty, 103 Iowa 500; The Cook case, supra, is not in point; Prather v. Spokane, 59 L. R. A. 350. (4) In relation to the use of a highway, the bicycle is entitled to the same privileges and subject to the same burdens as other vehicles. 4 Encyc. of Law (2 Ed.), page 16; Holland v. Bartch, 120 Ind., 46; Lee v. Jones, 181 Mo. 298; Elliott on Roads and Streets, (2 Ed.), sec. 852; Lindsey v. Winn, 3 Pa. Dist. R. 811; Low v. Grand Trunk, 39 Am. Reps. 337, 72 Me. 313. (5) The court did not err in permitting the ordinance on page 63 of the abstract to be introduced in evidence. Hundhausen v. Bond, supra. It is true that this is an action at common law for negligence, but in such cases an ordinance may be introduced as tending to show negligence. Hearst v. Ringen R. E. Co., 169 Mo. 200; Robertson v. Railroad, 84 Mo. 119; Judson v. Railroad, 23 Mo. App. 61; White v. Railroad, 84 Mo. App. 418; Wendler v. Furnishing Co., 165 Mo. 527; Fusili v. Railroad, 45 Mo. App. 541.

JOHNSON, J.—Action for damages resulting from personal injuries alleged to have been sustained in consequence of the negligence of defendant. Plaintiff recovered judgment in the sum of five hundred dollars and defendant appealed.

On the date of injury April 9, 1904, defendant was the owner of certain residence property in the city of Boonville situated on the south side of High street, one of the public streets in said city, and was having a granitoid sidewalk laid in front of the premises. Materials for use in this construction, such as stone, sand,

cinders, etc., were piled in the macadamized roadway, the several piles being four or five feet from the curb line and extending six or seven feet towards the middle of the street. The entire space between the curb lines was paved and in use by the public. Plaintiff, a clerk in a grocery store, was sent by his employer at about 7:30 o'clock in the evening to deliver a package of butter to a customer and rode a bicycle in performing his errand. His route took him along High street past defendant's property and, on account of darkness, he was proceeding slowly when he ran into a pile of cinders placed in the street by defendant and was overthrown and seriously injured. The negligence charged in the petition, upon which the cause of action is founded, is "that the defendant negligently failed to maintain at night at said piles of building material an artificial light, and negligently failed to take any steps, or use any means whatsoever, to give notice to and warn plaintiff and others passing over and along said street of the existence and location of said piles of building material."

Among other defenses, defendant in his answer pleaded contributory negligence and insists that, under the evidence of plaintiff, his negligence should be assumed as a necessary conclusion of law. Defendant further contends that no negilgence on the part of defendant appears from the evidence. Both of these issues of law were fairly presented to the trial court under defendant's request for a peremptory instruction, which the learned judge refused, and have been properly preserved for our consideration.

It appears from the evidence introduced by plaintiff that the streets were not lighted at the time. Electricity was used by the city for that purpose, but the company in charge of the public lighting under contract with the city did not turn on the light until about dark, and sometimes even later. On this particular evening, the sky was overclouded and, as the streets

were not illuminated, it was so dark that plaintiff could see only four or five feet ahead of his wheel as he traveled along High street. He was looking ahead for possible danger, but did not know of the obstructions placed in the street by defendant and on account of the blackness of the cinders did not see the pile. Defendant had not placed any lights or other signals to warn the public of the presence of the material in the street. Plaintiff carried no headlight on his vehicle. The presence of the obstructions in the street, the failure to place signals upon them, the darkness of the night, the absence of public lights and the condition of the weather are all facts conceded by defendant, but, under the evidence offered by him, it appears that except on rare occasions the streets were lighted before it became quite dark, that defendant was not at the premises that evening and therefore did not know the street was dark and that plaintiff had actual knowledge of the presence of the obstructions.

It is not denied that a property-owner has the right to use the street in front of his premises as a place to deposit and temporarily keep material and tools for use in the construction of improvements upon the premises. This right springs not from title to any portion of the street, but from necessity. The reasonable use of the street for that purpose is just as legitimate as that for the purposes of travel and, therefore, people traveling the street must expect to encounter such obstructions and should be on the lookout for them. [Hesselbach v. City, 179 Mo. l. c. 522; Gerdes v. Foundry Co., 124 Mo. 354; Elliott on Roads & Streets, sec. 693; Pueschell v. Iron Works, 79 Mo. App. 462.]

The right, however, must be exercised in a reasonable manner and with due regard for the safety of travelers. Thus, the obstruction must not be maintained for a longer time than is necessary for the construction of the improvement and reasonable expedition must be employed in the prosecution of the work. No more of

the street may be used than is required for the material
when piled in an orderly and compact form and due
care demands of the owner the exercise of reasonable
diligence in providing warning signals for the protec-
tion of the public during periods of darkness. [Ray-
mond v. Keseberg, 84 Wis. 302; King v. City, 28 Fed.
835; City v. Parks, 43 Ia. 119; Stuart v. Havens, 17
Neb. 211; Elliott on Roads and Streets, sec. 717.]

The gist of the complaint is that defendant failed
to act with the degree of care imposed by law upon him,
because he failed to place lights on the obstructions
during a time of darkness. Defendant admits the fact
charged, but says he acted with reasonable care because
he had the right to presume that the lighting company
would perform its duty and, if it did, the lights in the
vicinity of the material would clearly disclose its pres-
ence. Defendant cannot thus shift his duty to the
shoulders of another. It devolved upon him to use rea-
sonable care to ascertain whether or not the obstruc-
tions should be guarded by lights in order to prevent
them from becoming a menace to people rightfully upon
the street. The likelihood of the whole lighting plant
to be put out of service under certain conditions, such
as the breaking of machinery and the like, or of indi-
vidual lamps to become out of order, and thus throw a
particular locality into darkness, were facts, known to
defendant, that made it incumbent upon him to keep
himself informed of existing conditions. His general
duty to safeguard the place involved the special duty of
acting with reasonable diligence to ascertain if the pub-
lic lights were in operation and sufficiently disclosed
the obstructions to view. The classification of defend-
ant's conduct, therefore, was essentially, under the evi-
dence, a question of fact and not of law.

Passing to the question of contributory negligence,
it is suggested that plaintiff was out of his proper
course in riding along one side of the paved roadway
instead of in the middle. It may be conceded that a city

is not required to pave the entire width of a street, and that it is required to maintain in a reasonably safe condition for travel no more than the paved portion thereof, but that principle has no bearing here, for the entire space between the sidewalks was in fact paved and the public had the right to use any portion of the pavement for travel because of the implied invitation of the city so to use it.

Further, defendant contends that it was negligence in law for plaintiff to ride in the dark without a headlight attached to his vehicle and the case of Cook v. Fogarty, 103 Iowa 500, is relied upon to support the contention. That was a case where a cyclist collided in the dark with a moving buggy and the court observed that "a person, who rides a bicycle without a light or signal of warning in a public thoroughfare where he is liable to meet moving vehicles or pedestrians at a time when objects can be discerned readily at a distance of but a few feet, is guilty of negligence." It will be noticed that, if the principle stated in that opinion is sound, the law imposes a duty upon a cyclist that does not rest upon the driver of a vehicle drawn by horses, and the only reason appearing for this distinction lies in the fact that a moving bicycle is practically noiseless, whilst a carriage or wagon and the animals attached to it give warning of their approach in the noise they make when in motion, and therefore, it is argued collisions are more apt to occur in riding a bicycle through the dark without signal or light than in driving or riding a horse. This view of the law has been criticised in Elliott on Roads and Streets, page 927, but we express no opinion upon it, for the reason that it has no application to a case such as the one before us, where a cyclist collides with an inanimate object in the street, for in that situation warnings have no effect upon the obstruction and, therefore, the noiselessness of a bicycle cannot add to the danger of its use and, in other respects, we cannot dogmatically assume that a bicycle is

so much more dangerous than a buggy or wagon as to make the carrying of a headlight an indispensable requisite to the exercise of due care. That, essentially, is a question of fact for the jury to determine. It may be argued with show of reason that the advantages in point of safety in a bicycle as compared with other vehicles counterbalance its disadvantages. What it lacks in stability, it may make up in superior mobility; while it may be overthrown by an obstacle that would be innocuous to a buggy, some obstructions that would block the way of the latter would not impede its narrow course and it is under quick and complete subjection to the will of the rider, while animals are more or less unresponsive to control. These are some of the arguments advanced by its advocates and, though we do not give them sanction (deeming them to be beyond the pale of judicial knowledge), they are plausible enough to raise an issue of fact to be solved by the triers of fact in determining whether or not, in the circumstances of the particular case, the cyclist should be held culpable for not using a headlight. Plaintiff was riding at a moderate rate of speed and says he was watching his course and we see no reason for holding him guilty of negligence in law for failing to provide himself with a light that would not apply with equal logic, had he been riding or driving a horse or walking. It was right for the court to submit his conduct to the jury and the demurrer to the evidence was properly overruled.

Plaintiff introduced in evidence over the objection of defendant an ordinance of the city, in part as follows:

"Any person or persons may use the squares, streets, alleys or sidewalks in the construction of any new building, or in the removal, repair or alteration of any building, or for the purpose of piling thereon of building material and tools, provided that such person or persons shall first have obtained the written permission of the mayor, or person acting as mayor, to use

such squares, streets, alleys or sidewalks for such purposes and shall maintain at such pile at night an artificial light sufficient to warn travelers," etc.   It is argued that the ordinance was inadmissable because the words *building material* used therein refer to materials for use in the erection of a building and the evidence shows the cinders piled in the street were not intended for such purpose, but for use in the construction of a sidewalk, which, it is said, is not a building.   Under the general law, the abutting property-owner has no right to pile material in the street for any other purpose than for use in the construction of some improvement upon the premises, such as a building, fences, or walks, and the like, and the construction of a sidewalk in front of the premises, being in part for the betterment of the property as well as for public use, is an improvement falling within the class under consideration. It is evident that it was not intended by the city in this ordinance to restrict the purposes for which material might be deposited in the street by the property owner. Manifestly, the right afforded by the general law is recognized and the purpose of the enactment is the regulation of the exercise of that right to prevent its abuse. Therefore, the words "building material," as employed in the ordinance, should be construed liberally.   They were intended to cover materials for the construction of any kind of an improvement of the premises.   The objection cannot be sustained on this ground.   Nor can we agree with defendant that, in admitting the ordinance in evidence, the jury was permitted to find a verdict against defendant upon the assumption that defendant did not procure a permit from the mayor to pile the material in the street.   That fact was not referred to in the evidence, nor in any instruction given or asked. If the ordinance was admissable on account of any of its provisions, it would have been error for the court to refuse to receive it in evidence, because it contained some other provision not material to the issues and

which might be misapplied by the jury. In such case, the party, who fears a possible misconstruction, has the right to have the objectionable provision removed by an instruction from the consideration of the jury. Defendant asked no such instruction and the point raised here for the first time comes too late. The provision requiring the placing at night of lights upon the piles of material left in the street made the ordinance admissible in evidence as bearing upon the question of negligence, notwithstanding the cause of action pleaded is not founded upon the ordinance. [Hirst v. Co., 169 Mo. 200; Robertson v. Railroad, 84 Mo. 119; Judd v. Railroad, 23 Mo. App. 61.]

We find the issues were fully and fairly submitted to the jury in the instructions given and therefore refrain from making special mention of the questions relating to defendant's refused instructions presented by him. The record is free from substantial error and the judgment accordingly is affirmed. All concur.